SAMPSON TKACZYK ET AL. v. KENNETH GALLAGHER

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 103905

Memorandum filed March 16, 1965

*Evelyn Tkaczyk* and *Sampson Tkaczyk*, the plaintiffs, pro se.

*Walter A. DeAndrade*, of Cheshire, for the defendant.

DEVLIN, J. The plaintiffs are the parents of Olga Gallagher, who died on December 5, 1961. At the time, she was married to the defendant, and after her death he arranged to have the body cremated. This was against the religious beliefs of the plaintiffs, and on December 7 they filed a petition in the North Haven Probate Court for a special award of custody under General Statutes § 45-253. On January 8, 1962, the defendant was awarded custody and an appeal was taken. On November 13, 1962, a judgment of nonsuit was entered for failure to prosecute the action, and upon the denial of a motion to set aside the nonsuit an appeal was taken to the Supreme Court of Errors. Sometime subsequent to the preparation of the record, and before a hearing, the case was dismissed for failure to prosecute with due diligence; *Tkaczyk* v. *Levine*, 151 Conn. 728; and the present action instituted returnable to the first Tuesday of April, 1964.

This action is not in the form of an appeal from probate but seeks injunctive relief under General Statutes § 52-473. A temporary injunction was granted on February 21, 1964, by *Thim, J.*, and the plaintiffs now seek a permanent injunction restraining the defendant from cremating the body and an order declaring null and void the decree appointing the defendant the legal custodian of his wife's body.

The custody of the remains of deceased persons is provided by statute in the following manner: "Sec. 45-253. Custody of remains of deceased per-

sons. The custody and control of the remains of deceased residents of this state shall pertain to the husband or wife of the deceased; but, if the surviving husband or wife had abandoned, and at the time of death was living apart from, the deceased, or if there is no husband or wife surviving, then such custody and control shall pertain to the next of kin; but the court of probate for the district of the domicile of the deceased may at any time, upon the petition of any of the kin, award such custody and control to that relative who seems to such court most fit for the time being to have the same." The purpose of the statute is "to avoid unseemly controversy over the remains of deceased persons." *Swits* v. *Swits,* 81 Conn. 598, 600.

It is admitted that the plaintiffs petitioned the North Haven Probate Court for a hearing; that such a hearing was held on December 11, 1961; and that on January 8, 1962, the control and custody was awarded to defendant. Plaintiffs claim there is no basis for the award; that there were bad relations existing between defendant and his wife prior to her death; and that under these circumstances the equitable powers of the court should be exercised to carry out the religious wishes of the plaintiffs.

No useful purpose will be served by a resume of the factual situation existing between the present parties at the time of death. Suffice it to say the relations were strained, as evidenced by the innuendos and claims made at the previous trial. Whether sufficient evidence has been presented to enable the court to set aside the custody decree is the problem presented.

The statute follows the general rule that the primary and paramount right to possession of the body and to control the burial or other legal disposi-

tion thereof is in the surviving spouse, and not in the next of kin. 22 Am. Jur. 2d, Dead Bodies, § 9. The right of sepulture, however, is not absolute, but must yield when in conflict with the public good or when the demands of justice require such subordination.

All factors must be considered, including the religious beliefs of the plaintiffs and any expressed or stated wishes of the deceased.

There was evidence that the deceased wanted to have her body cremated, expressed not only to the defendant but also to a friend of long standing. While this was against the beliefs of the plaintiffs and contrary to her early religious training, there was also testimony that her religious beliefs, in later life, were manifold.

A person's expressed wish or direction as to the disposal of her body after death is entitled to respectful consideration by the court and should be carried out as far as possible. 22 Am. Jur. 2d, Dead Bodies, § 12; 25A C.J.S. 494, Dead Bodies, § 3.

The testimony was very conflicting, and the plaintiffs have failed to establish by the more credible evidence that the order of the North Haven Probate Court appointing defendant custodian of the body of his wife was secured by fraudulent means; that any claimed constitutional rights of the plaintiffs to the burial of the deceased were violated; or that equitable consideration favored their position.

Judgment may enter for the defendant on all counts.