## PETER M. BASKIN'S APPEAL FROM PROBATE (12181)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued October 3—decision released December 11, 1984

*James D. Reardon,* for the appellant (plaintiff).

*Marshall S. Feingold,* for the appellee (defendant Caroline Baskin).

SHEA, J. The plaintiff Peter M. Baskin has appealed from a judgment of the Superior Court that dismissed his appeal from a decision of the Westbrook Probate Court denying his petition seeking custody and control of the body of his deceased father in order to dispose of the remains in accordance with the decedent's wishes as expressed in his will. In dismissing the appeal, the trial court held that the plaintiff was not aggrieved and therefore had no right to appeal from the Probate Court's order. We find error and remand for further proceedings.

Because the trial court did not hear the merits of the appeal, the facts forming the basis for this decision are those found by the Probate Court and are not disputed by the parties. The decedent died on November 24, 1981, leaving a will dated November 5, 1981, in which he named the plaintiff and another of his sons as co-executors of his estate. The decedent's will provided in part: "I direct that my remains be cremated without services of any kind." This will was never probated but was filed in the Probate Court in accordance with General Statutes § 45-164.[1]

After his father died, the plaintiff met with his two brothers and the surviving widow, the defendant Caroline Baskin, to make the funeral arrangements. Over the objections of the plaintiff based upon the will provision, it was decided that the decedent would be buried in accordance with the religious tenets of the family. Some time after the burial, the plaintiff filed

---

[1] General Statutes § 45-164 provides in part: "Any person having in his possession any will or codicil shall, forthwith, after he has knowledge of the death of the testator, deliver such will either to the person designated to be the executor or one of the persons designated to be an executor thereof, or to the judge, clerk or assistant clerk of the court of probate which by law has jurisdiction of the estate of such deceased person."

It was represented at oral argument that the will had been presented for probate in accordance with General Statutes § 45-163, but was never probated because there were no assets in the decedent's estate.

a petition with the Probate Court pursuant to General Statutes § 45-253 for an order granting him custody and control of the decedent's remains in order to disinter the body and have it cremated as directed in the decedent's will. After balancing the varying interests of the family members, the Probate Court denied the petition.

The plaintiff appealed to the Superior Court pursuant to General Statutes § 45-288, which grants a right of appeal to "[a]ny persons aggrieved by any order, denial or decree of a court of probate in any matter . . . ."[2] The Superior Court, on motion to dismiss by the defendant, held that the plaintiff was not aggrieved within the meaning of § 45-288 by the action of the Probate Court and dismissed the appeal from probate. This appeal followed.

"Because the right to appeal from the decision of a Probate Court is statutorily conferred by § 45-288, the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 513, 429 A.2d 967 (1980); see also *Lenge* v. *Goldfarb,* 169 Conn. 218, 220, 363 A.2d 110 (1975). "[T]he existence of aggrievement

---

[2] General Statutes § 45-288 provides: "APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court. Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo."

There is nothing before this court to indicate that a stenographic record of the proceedings in the Probate Court was made pursuant to General Statutes §§ 51-72 and 51-73. Neither party made such a claim, nor was any such record submitted to this court on appeal.

depends upon 'whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.' " *Merrimac Associates, Inc.* v. *DiSesa,* supra, 516, quoting *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660 (1953); accord *Urrata* v. *Izzillo,* 1 Conn. App. 17, 19, 467 A.2d 943 (1983). The concept of aggrievement depends only on the existence of a cause of action upon which a party may rest his plea for relief. "The issue of whether [a party] was aggrieved under § 45-288 by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. To examine the present issue the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 485, 338 A.2d 497 (1973). If the plaintiff had a cognizable cause of action in the Probate Court, he would be aggrieved by an order of that court denying him relief.

The plaintiff relies on General Statutes § 45-253[3] to establish the existence of a cause of action upon which he is entitled to relief, and it was the trial court's interpretation of this statute that led to the denial of any

[3] General Statutes § 45-253 provides: "CUSTODY OF REMAINS OF DECEASED PERSONS. (a) The custody and control of the remains of deceased residents of this state shall belong to the surviving spouse of the deceased. If the surviving spouse had abandoned, and at the time of death was living apart from, the deceased, or if there is no spouse surviving, then such custody and control shall belong to the next of kin. The court of probate for the district of the domicile of the deceased may at any time, upon the petition of any of the kin, award such custody and control to that relative who seems to the court most fit for the time being to have the same. If a deceased resident of the state leaves no spouse or next of kin surviving, or if the spouse or next of kin cannot be contacted after due diligence to assume custody and control of the remains of such decedent as provided in this section, or if the spouse or next of kin refuses to assume such custody and control, the court of probate for the district of the domicile or residence of the deceased may, upon the petition of a selectman or chief officer of

opportunity for him to advance his claims.[4] As a threshold matter then, it is the interpretation of § 45-253 that will determine the propriety of the Superior Court's action. The first three sentences of § 45-253 provide a statutory scheme for the disposition of the body of a decedent when the decedent is survived by his family.[5] The first sentence states that the "custody and control of the remains of deceased residents of this state shall belong to the surviving spouse of the deceased." Where there is no spouse or the surviving spouse has abandoned and is living apart from the decedent, the second sentence awards such custody and control to the next of kin. The third sentence allows the Probate Court "upon the petition of any of the kin, [to] award such custody and control to that relative who seems to the court most fit for the time being to have the same."

such town, a licensed funeral director or the director of health of such town, grant such custody and control to some suitable person.

"(b) This section shall not apply to the disposition of a body of a deceased person under the provisions of sections 19a-270 and 54-102; nor shall it affect the powers and duties of the chief medical examiner under the provisions of sections 19a-406 to 19a-408, inclusive."

[4] Although the plaintiff in his "reasons of appeal" alleges simply that he was the executor named in the decedent's will and that he was seeking to carry out the decedent's directions concerning cremation, the "motion for appeal from probate" does allege that he was "issue and an heir-at-law." General Statutes § 45-253 confers no rights upon the plaintiff as executor, but only as "next of kin." It is of no significance, therefore, that the decedent's will was never approved for probate and that the plaintiff never qualified as executor. The failure to allege the plaintiff's status as next of kin in the reasons of appeal is not fatal to his action in considering a motion to dismiss. Such a motion may be granted only where it clearly appears on the face of the entire record that the court is without jurisdiction. *Perry's, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123–24, 249 A.2d 256 (1968). The allegations of the motion to appeal in this case, which sufficiently set forth the plaintiff's interest as next of kin, were part of the record in the Superior Court. See *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 513 n.3, 429 A.2d 967 (1980).

[5] The last sentence of General Statutes § 45-253 (a) provides for disposition of the body where no family can be found or where those found refuse to assume custody and control of the remains. See also General Statutes § 19a-270.

At a minimum, it must be recognized that the second sentence of § 45-253 provides a basis for next of kin[6] to seek control of the body of a decedent in the case of abandonment as specified in the statute or death of the spouse. This possibility makes erroneous the dismissal of the plaintiff's appeal even though no claim of abandonment was originally presented in his reasons of appeal. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court.[7] In contrast, a motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. See Practice Book § 152. If a motion to dismiss is granted, the case is terminated save for an appeal of that ruling. The granting of a motion to strike, however, is not ordinarily a final judgment, since Practice Book § 157 affords a right to amend the deficient pleading.[8] Thus if the pleadings

[6] The term "next of kin" refers to those who would take by intestate succession under our statutes, which rely in part on the civil law. General Statutes § 45-276; *Hillhouse* v. *Chester*, 3 Day 166, 210–14 (1808). It was admitted by the defendant at oral argument that the plaintiff, as a son of the decedent, is next of kin.

[7] Practice Book § 143 refers to motions to dismiss and provides in part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process."

[8] Practice Book § 157 provides in part as follows: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

initiating this appeal from probate could have been amended to state a cause of action, there was error in granting the motion to dismiss.[9]

The nature of an appeal from probate underwent a substantial change with the decision of this court in *Prince* v. *Sheffield,* 158 Conn. 286, 259 A.2d 621 (1969). There this court clearly established that an appeal from probate is a de novo proceeding in which the Superior Court is not limited to the claims raised in the Probate Court. "In an appeal from probate there is a trial de novo in which the appellant has the opportunity to present any evidence which could have been offered in the probate court, whether or not it was actually offered." *Prince* v. *Sheffield,* supra, 294. "In the traditional appeal, the scope of review is limited by the issues raised and the supportive evidence submitted in the lower court. In an appeal from probate, however, the informalities of the probate proceeding are corrected by permitting a full hearing in which new evidence may be submitted." *Thomas* v. *Arafeh,* 174 Conn. 464, 470, 391 A.2d 133 (1978). This court has gone so far as to allow the admission of evidence not even in existence at the time of the probate hearing. Ibid.

The dismissal of this appeal foreclosed any opportunity to amend the reasons of appeal to plead additional facts that would establish a claim that the decedent had

[9] The different functions served by a motion to dismiss and a motion to strike are complicated by the distinction that must be made between the motion to appeal filed in the Probate Court and the reasons of appeal filed in the Superior Court. In this case, the Superior Court held the motion inadequate because as a matter of law no sufficient reasons could be advanced to support the plaintiff's claim for relief. We hold the motion adequate because as a matter of law sufficient reasons can be pleaded to support the motion. The plaintiff's failure to state such reasons might in some instances render his appeal subject to being struck, but dismissal is not proper unless it is undisputed as a question of fact that such reasons do not exist. The Superior Court is authorized, and in some situations required, to make that factual inquiry. *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 56, 459 A.2d 503 (1983); see also Practice Book § 143.

been abandoned by the widow, as provided in the second sentence of § 45-253, as a basis for an order concerning the custody and control of the decedent's remains. During oral argument, it was not disputed that such a claim had been made in the Probate Court. It would have been possible for the plaintiff to amend his reasons of appeal to include such a claim. Since our decision in *Prince,* the ability to amend the reasons of appeal accompanying the initiation of an appeal from probate is indistinguishable from the ability to amend pleadings in other civil actions in accordance with the appropriate sections of the Practice Book.[10] The reasons of appeal serve essentially the same functions in defining issues and limiting evidence as does the complaint in any civil matter. 1 Locke & Kohn, Connecticut Probate Practice (1951) § 207. This conclusion is supported by Practice Book § 194, which provides that sub-

---

[10] Practice Book §§ 174 through 185 deal with the procedures for amending pleadings in the Superior Court. See also footnote 8, supra. We are aware of General Statutes § 45-290, which provides a method for amendment of appeals in the Probate Court, but we do not believe the legislature intended this method to be exclusive.

Prior to *Prince* it was generally assumed that claims made on appeal could not be changed by amendment in the Superior Court. "An appeal from probate is taken and allowed in the Probate Court. It is part of the proceedings of that court. Its legal insufficiency cannot be cured in the Superior Court by amendment or by offering testimony to overcome a defect apparent on its face." *Maloney* v. *Taplin,* 154 Conn. 247, 248–49, 224 A.2d 731 (1966). The *Prince* decision, by expanding the scope of the proceedings on appeal, necessarily expanded the power of the Superior Court with regard to the pleadings initiating the appeal. The Superior Court in the de novo proceeding on appeal exercises all of the powers of the Probate Court; *Prince* v. *Sheffield,* 158 Conn. 286, 298, 259 A.2d 621 (1969); including the ability to amend the claims raised on appeal. Nor is it possible to limit the ability to amend, as provided in General Statutes § 45-290, when new evidence may be presented in the de novo proceeding which can change the issues presented to the court for decision. See Practice Book § 178. This modification of the nature of an appeal from probate renders invalid prior assumptions concerning limitations upon the powers of the Superior Court in this regard.

sequent to the filing of the reasons of appeal, "pleadings shall thereafter follow in analogy to civil actions,"[11] and is a necessary consequence of the principles declared in *Prince*.

In *Merrimac Associates, Inc.* v. *DiSesa,* supra, 513 n.3, we noted the difference between a motion to strike and a motion to dismiss in relation to an appeal from probate and recognized the applicability of a motion to strike an appeal from probate where the question is merely the sufficiency of the pleading rather than the existence of a viable cause of action. The same principle here required that the defendant's motion to dismiss be denied.

Apart from the failure of the trial court to recognize that the plaintiff as a son of the decedent had standing to seek custody of the body by asserting de novo the claim of abandonment raised in the Probate Court,[12] its construction of the first sentence of § 45-253 as giving the surviving widow an absolute right to the decedent's remains is inconsistent with the long-standing interpretation of that statute that we adopted in *Swits* v. *Swits,* 81 Conn. 598, 600, 71 A. 782 (1909). "From the entire Act it is apparent that its purpose is to avoid unseemly controversies over the remains of deceased persons, and that the surviving husband or wife shall generally have the custody of the dead body for the purposes of burial, and the control of the remains after interment. *This right is not absolute, nor the judgment*

---

[11] "[Practice Book] Sec. 194. PROBATE APPEALS; REASONS OF APPEAL. Unless otherwise ordered, in all appeals from probate the appellant shall file reasons of appeal, which upon motion shall be made reasonably specific, within ten days after the return day; and pleadings shall thereafter follow in analogy to civil actions.

"Appellees opposing the probate of a will shall specifically deny such of the reasons of appeal as they intend to controvert and affirmatively allege any other grounds upon which they propose to rely.

"The appellant in appeals involving the probate of a will shall file, with his reasons of appeal, a copy of the will."

[12] See footnote 4, supra.

*of the person in whom it is reposed conclusive."* (Emphasis added.) This view of the statute as according to the surviving spouse a paramount or primary right to custody of the remains, which must normally be observed but is, nevertheless, subject to judicial control, is in accordance with the common law. *Tkaczyk* v. *Gallagher,* 26 Conn. Sup. 290, 292, 222 A.2d 226 (1965), appeal dismissed, 153 Conn. 744, 220 A.2d 163 (1966);[13] 22 Am. Jur. 2d, Dead Bodies § 9. The wishes of a decedent as to the disposition of his body, except to the limited extent that they have been recognized in permitting donations for anatomical purposes pursuant to General Statutes § 19a-271 through § 19a-284, are similarly not controlling, though they may deserve consideration under some circumstances. Cf. *Toppin* v. *Moriarty,* 59 N.J. Eq. 115, 44 A. 469 (1899); *Theodore* v. *Theodore,* 57 N.M. 434, 259 P.2d 795 (1953); *Yome* v. *Gorman,* 242 N.Y. 395, 152 N.E. 126 (1926). It is inappropriate at this stage of the proceeding for us to attempt to define the circumstances which would justify a court in disregarding the primary claim of a spouse to determine the mode of disposition of the remains of a decedent. Our construction of the statute as making this right in that respect less than absolute means that the plaintiff was not foreclosed from asserting his claim to the body as next of kin and attempting to present de novo in the trial court circumstances that would warrant overriding the wishes of the defendant spouse and other members of the family.

---

[13] The appeal to this court in *Tkaczyk* v. *Gallagher,* 26 Conn. Sup. 290, 222 A.2d 226 (1965), appeal dismissed, 153 Conn. 744, 220 A.2d 163 (1966), was dismissed for failure to prosecute with due diligence under Practice Book (1963) § 396, now § 3109.

In *Tkaczyk* v. *Gallagher,* 259 F. Sup. 584 (D. Conn. 1966), the plaintiffs attempted to challenge the actions of the state courts in refusing to transfer custody and control of the decedent's remains. The federal district court held that there was no federal question raised by the plaintiff's complaint and dismissed the action.

 

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.