[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION INTRODUCTION
The Commissioner of Environmental Protection of the State of Connecticut (hereinafter DEP), the plaintiff, moves to strike the special defense of equitable estoppel to count two of the complaint claimed by John Ferruolo d/b/a Mr. Sparkle Car Wash (hereinafter defendant) on the grounds that the defense is legally insufficient
FACTS
In count two of the complaint, the plaintiff alleges that on April 11, 1988, the DEP issued to the defendant order No. WC 4679 (order). The plaintiff further alleges that no hearing was requested nor appeal taken from the order by the defendant within the time allowed by law and that, accordingly, the order became a final order and the defendant is in violation of its mandates.
In the defendant's special defense, the defendant alleges, inter alia, that since 1985 the defendant had worked with plaintiff's agent in attempting compliance with DEP mandates and that due to the working relationship with the plaintiff's agent over the years, including another DEP written order having been rescinded orally by the agent, the defendant was thereby induced to forgo a hearing and appeal of the subject order and the defendant claims the defense of equitable estoppel. CT Page 1970
DISCUSSION OF LAW
The function of a motion to strike is to test the legal sufficiency of a pleading, and admits all facts well pleaded. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528. However, the motion does not admit legal conclusions. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365. Thus, a pleading that "on its face is legally insufficient" is subject to a motion to strike, even though facts may exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. Baskin's Appeal from Probate, 194 Conn. 635, 640. facts proffered in the pleadings. Likewise, the record is insufficient to ascertain what facts were put forward by the DEP agent upon which the defendant did rely and act or fail to act.
The facts proffered are insufficient to establish that the defendant relied on certain facts or representations made by the agent in not claiming a hearing or an appeal. There are facts in the pleadings sufficient to demonstrate that the defendant undertook certain steps in order to comply with the substantive mandates of the DEP order, but the facts are insufficient to show that upon which the defendant did rely and his change of position to support the factual basis for his failure to claim a hearing of an appeal.
Although estoppel may not generally be invoked against a public agency in the exercise of its governmental functions (citations omitted); an exception is made where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents. Lescynski supra.
Estoppel against municipalities is therefore limited and may be invoked . . . (1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations (emphasis added). Id. 732.
The court finds that the defendant has not carried his burder relevant to the criteria enumerated in Lescynski before equitable estoppel can be established against a public agency. From the I pleadings the court finds that the DEP agent has done nothing but assist the defendant in compliance with the substantive mandates of the order. There are insufficient facts in the pleadings for this court to find the defendant was "unjustifiably induced" into ignoring the time perameters of the order. Likewise the second prong in Lescynski, supra, indicates that the actions or representations ascribed to the agent upon which the defendant did CT Page 1971 rely must be within the agent's scope of authority. There are no facts pleaded sufficient for this court to find that it was within the scope of authority of the DEP agent to countermand the written orders of the commissioner of the DEP. The assertion in paragraph 16 of the revised special defense that the DEP agent was "acting within the scope of his authority" when he orally extended the time perameters of the subject order is a conclusion of law and legally insufficient. ,
"A motion to strike challenges the legal sufficiency of a pleading. It replaced the demurrer in our practice. Like the demurrer, it admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (citations omitted). A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts. (citations omitted) Mora v. Aetna Life Casualty Insurance Company, 133 Conn. App. 208, 211.
This court does not find facts sufficient to demonstrate that the special circumstances of this case make it highly inequitable or oppressive to enforce the regulations.
This court finds that no such substantial loss has been demonstrated by the defendant. By the defendant's failure to adhere to the time restrictions in the order of the commissioner the defendant has lost his right to a hearing and his right to appeal. The defendant claims he is otherwise in complete compliance. These losses, under the circumstances of this case, are not of such magnitude that would invoke the doctrine of equitable estoppel.
There exists no such egregious situation as the facts of Kimberly-Clark Corporation v. Dubno, 204 Conn. 1937, wherein substantial funds were invested in the purchase and assembling of equipment on reliance upon the tax commissioner's representations concerning tax consequences or in Lescyski, supra, wherein a slaughterhouse was built and subsequently the zoning officials claimed its construction was not authorized. Here, the defendant claims full compliance with the substantive mandates of the order. The defendant is not being ordered to expend additional monies not anticipated (as in Dubno), or to tear down a structure already constructed (as in Lescynski).
The oppression of which the defendant complains is the fines that may be imposed upon him in the future for violation of the DEP order. The nature of this anticipated loss is too speculative to satisfy the criteria of the case law.
For the purposes of this motion the court presumed the "agency" of the DEP employee and in light of the court's findings CT Page 1972 hereinabove noted the court will not review the agency issue on the merits.
The facts proffered by the defendant are legally insufficient to support the defense.
The plaintiff's motion to strike is granted.
Miano, J.