[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISCUSS APPEAL #102
The defendant, John Alexander Kennedy, Conservator of the estate and person of Elizabeth H. Kennedy moves to dismiss this appeal from probate for lack of subject matter jurisdiction on the grounds that the motion for appeal fails to adequately set forth the nature of the plaintiffs' interest in this matter and the nature of their aggrievement.
The right to appeal from the decision of a probate court is statutorily conferred and therefore the absence of aggrievement is a jurisdictional defect that deprives the court of the power to hear the appeal, Baskin's Appeal from Probate, 194 Conn. 635, 637 (1984). The general test for aggrievement is whether there is a possibility, as distinguished from a certainty that some legally protected interest which an appellant has in the estate has been adversely affected. Department of Income Maintenance v. Watts, 211 Conn. 323, 326 (1989).
There are two types of aggrievement, classical and statutory. Bucholz's Appeal from Probate, 9 Conn. App. 413, 415 (1987). Statutory aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case. Id. at 46.
There is a two-prong test for determining classical aggrievement in probate appeals: "(1) the nature of the appellants' interest, and (2) the adverse effect if any, of the Probate Courts' decision on that interest." Id. at 416. In order to have classical aggrievement, the nature of the interest must involve a legally protected personal right or status of the appellant. Id. at 417.
On August 14, 1991, the appellants filed a request for leave to amend their appeal which was granted by consent of the adverse party on August 26, 1991. The amended reasons for appeal are sufficient to establish classical aggrievement and therefore the motion to dismiss is denied. CT Page 7108
Pickett, J.