[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #109
On July 15, 1992, the plaintiff, Delores St. Louis, filed an appeal from the decision of the probate court for the district of Manchester, Fitzgerald, J., terminating the parental rights of David Roberts and affirming the plaintiff as the sole parent and natural guardian of Jonathan David Roberts, their minor son. The defendant has moved to dismiss the plaintiff's appeal on the ground that this court lacks CT Page 61 subject matter jurisdiction in that the plaintiff failed to raise objections on exceptions to the probate judge's decision at the probate court proceeding, and the plaintiff has not sufficiently alleged aggrievement by the order of the probate court. The plaintiff opposes the defendant's motion on the grounds that she did raise objections at the proceeding before the court, and that a failure to raise objections or exceptions at the probate proceeding does not implicate the court's subject matter jurisdiction over an appeal from probate. The plaintiff further claims that the allegations in her appeal are sufficient, if proven, to show aggrievement.
A motion to dismiss is the appropriate vehicle for challenging the subject matter jurisdiction of the court. Practice Book 143(1). Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, 218 Conn. 531, 542, 590 A.2d 914 (1991); LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990). Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. Castro v. Viera, 207 Conn. 420, 427,541 A.2d 1216 (1988). Every presumption favors the jurisdiction of a court. Gurliacci v. Mayer, supra, 543; LeConche v. Elligers supra, 709-10.
The defendant has cited no authority for his apparent contention that a failure to raise objections or exceptions at the probate court proceeding deprives the court of subject matter jurisdiction over a probate appeal. The cases cited by the defendant do not involve probate appeals but rather refer to the general rule that the Appellate Courts are not bound to consider claims unless they were distinctly raised at trial or arose after trial. See Matza v. Matza, 27 Conn. App. 769,779, ___ A.2d ___ (1992); see also Practice Book 4185. Nothing in the cases cited by the defendant in support of his motion indicates that a failure to raise objections deprives the court of subject matter jurisdiction. A failure to raise objections does not relate to the court's "competency to exercise power." See Castro v. Viera, supra. Rather, jurisdiction to hear appeals from probate has been expressly conferred upon the superior court pursuant to statute. General Statutes 45a-186 provides in relevant part that "[a]ny person aggrieved by any order, denial or decree CT Page 62 of a court of probate in any matter, unless otherwise specially provided by law, may appeal thereupon to the superior court for the judicial district in which such court of probate is held." Accordingly, the court has subject matter jurisdiction over probate appeals brought by aggrieved persons regardless of whether such persons raised objections at the proceedings before the probate court.
The defendant further claims that this court lacks subject matter jurisdiction because the plaintiff has not sufficiently alleged aggrievement. "`Because the right to appeal from the decision of a Probate Court is statutorily conferred . . ., the absence of aggrievement is a defect that deprives the Superior Court of jurisdiction to entertain the appeal.'" (Citations omitted.) Baskin's Appeal from Probate, 194 Conn. 635, 637, 484 A.2d 934 (1984). The existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which the appellant has in the estate has been adversely affected. Erisoty's Appeal from Probate, 216 Conn. 519, 582 A.2d 760 (1990); see Baskin's Appeal from Probate, supra, 638. "`"To examine the present issue the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest."'" (Citation omitted.) Frisoty's Appeal from Probate, supra.
The plaintiff has alleged that she is the mother of the minor child, and that the probate court's decision both terminated the defendant's parental rights and affirmed the plaintiff as the sole parent and natural guardian of the minor child.
Implicit in these allegations is that as a result of the probate court's decision the plaintiff will be solely responsible for all aspects of the minor child's upbringing and welfare rather than sharing such responsibilities of parenthood with the defendant father. The court may find that these allegations are sufficient to show that the plaintiff, as one of the parents of the minor child, may be adversely affected by the probate court's decision terminating the other parent's rights and shifting the sole responsibilities of parenthood to the plaintiff mother. Accordingly, the court may find that the plaintiff has CT Page 63 sufficiently alleged facts showing aggrievement.
For the foregoing reasons, the defendant's motion to dismiss is denied.
Philip R. Dunn, J.