[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[RULING RE: DEFENDANT'S MOTION TO DISMISS (FILE #102)]
This is an action to recover the balance due on a promissory note payable to plaintiff.] The note was executed on April 11, 1989 by John Dovitski, d/b/a Terryville Construction Co., and endorsed by John H. Dovitski, individually; it is for a principal sum of $48,421.93, due and payable on demand. It is alleged that on July 9, 1993 formal demand for payment was made, and despite said demand, the balance due has remained unpaid. Defendant has moved to dismiss this action pursuant to Prac. Bk. Section 143, claiming insufficiency of process because of failure to comply with provisions of the federal Unfair Debt Collection Practices Act, Title 15 United States Code, Section 1692, et seq.
A motion to dismiss is the proper pleading for asserting (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process and (5) insufficiency of service of process. Prac. Bk. Sec. 143. The motion essentially asserts "that the plaintiff [cannot] as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original). [Baskin's Appeal from Probate],194 Conn. 635, 640 (1984).
The return of service, dated August 3, 1993, shows abode service in accordance with the requirements of law. General Statutes Sections 52-45a and 52-54. Defendant contends that the action is subject to dismissal because: (1) plaintiff's demand misrepresented a material circumstance by implying that an action on the note [had been] commenced; (2) the demand and the complaint misstated the principal balance due on the debt; (3) defendant was not informed of a thirty day period in which to dispute the validity of the debt; (4) defendant was not CT Page 4651 informed that federal law requires verification of the debt if it is disputed, in writing, during said thirty day period; and (5) defendant was not adequately informed that plaintiff's attorney was undertaking to collect a debt, and that any information obtained would be used for that purpose. Defendant maintains that the aforesaid constituted noncompliance with the federal enactment.
The court cannot find, nor has defendant cited, any authority establishing that a failure to comply with the FDCPA renders process insufficient. Rather, violations of the Act give rise to a claim [for damages] under federal law.15 U.S.C. § 1692K. [See:] e.g. [Bank of Boston International of Miami v.Arguello Tefel], 644 F. Sup. 1423 (E.D., N.Y. 1986) (one count of defendants' counterclaim [for damages] brought under15 U.S.C. § 1692); [Mendez v. Apple Bank For Savings], 541 N.Y.S.2d 920
(1989) (action for damages against bank under the federal Fair Debt Collection Practices Act).
Furthermore, it is doubtful that the federal Act would have application in the present case. The purposes of the federal law are to eliminate abusive debt collection practices by [debt collectors], to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect [consumers] against debt collection abuses. [See]: 15 U.S.C. § 1692(e). In [Mendez], the New York court stated:
 ". . . the FDCAA is meant to reach [only `those who regularly collect debts for others] and not creditors [collecting on their own behalf]' . . . Here, Apple Bank attempted to collect a debt owed to itself and is therefore not a debt collector as defined by [the] Act. (Emphasis added). 541 N.Y.S.2d supra at p. 923.
Additionally, the protections afforded by the federal Act cover only those debts incurred "primarily for personal, family or household purposes" [See]: 15 U.S.C. § 1692 a(5); [Bank of Boston International of Miami v. Arguello Tefel], supra at p. 1430; [Mendez v. Apple Bank for Sav.], supra at p. 923. In this case, the subject debt is evidenced by a "Commercial Promissory Note," is signed by the borrower "d/b/a Terryville Construction Co.," and would [not] appear to be an obligation incurred for family or personal purposes. CT Page 4652
For the reasons stated, the action is not subject to dismissal due to insufficiency of process. Accordingly, the motion to dismiss is hereby denied.
Mulcahy, J.