[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION TO STRIKE
The plaintiff seeks possession of the subject premises from CT Page 10124-D the defendants. In their Motion to Strike, the defendants argue that there is no cause of action since the lease alleged to be terminated by lapse of time had in fact lapsed prior to the service of the notice to quit.
The pertinent facts follow. On May 19, 1994, the plaintiff served the defendants with a notice to quit the possession of the premises by June 1, 1994. The revised complaint alleges that the parties entered into a written lease and that "[o]n November 14, 1993 the lease expired by lapse of time." The lease was attached as an exhibit to the complaint and contains the following provision:
 If you do not renew this lease, and you do not vacate your apartment at the end of the term you will be holding over . . . .
Under P.B. § 152, a Motion to Strike is available to a defendant wishing to contest the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. "[A] motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted."Baskin's Appeal from Probate, 194 Conn. 635, 640 (1984).
In this case, the plaintiff alleges that the lease is CT Page 10124-E terminated by lapse of time as of November 13, 1993. The notice to quit was served some six months later. The court is persuaded by the reasoning of Judge Goldstein in Bermudez v. Rodriguez,
Superior Court, Judicial District of Hartford-New Britain at Hartford, Doc. No. SPH-8610-34931, #798 (1986):
 Termination of lease signifies that the lease — whether express or implied or whether oral or written — will lapse at the end of the current period and will not be renewed. Therefore, at the time of the delivery of the notice to quit for lapse of time, there must be a rental agreement in effect to be terminated. (emphasis in original) (citation omitted)
While the plaintiff argues that the 1989 amendment to C.G.S. § 47a-23(a)(3) invalidates the Bermudez holding, that argument is not pertinent to the facts of this case. The lease the plaintiff alleges has terminated for purposes of dispossessing the defendants was not in effect at the time the notice to quit was served, and in fact another rental arrangement that has not been pleaded existed between the parties at that time. See Bushnell Plaza Development Corporation v. Fazzano,38 Conn. Sup. 683, 685 (1983). The Complaint fails to allege a cause of action upon which relief can be granted. CT Page 10124-F
Accordingly, the Motion to Strike is granted.
Alexandra D. DiPentima, Judge