[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is the defendant Nicholas A. Cioffi's motion to dismiss on the grounds that the plaintiff's lawsuit is barred by the doctrine of sovereign immunity.
This case raises the issue as to whether breach of an alleged contract and agreement between a State employee and a supervisor for violation of a disciplinary problem is enough to put the lawsuit within one of the well established exceptions to the doctrine of sovereign immunity. These exceptions permit lawsuits which would be otherwise barred against the sovereign. The court finds that such a breach does not suffice. The plaintiff has not alleged (1) a breach of constitutional provision, (2) or violation of statute or (3) the existence of CT Page 2075 any statute authorizing such lawsuit or any (4) grant of authority to file suit from the claims commissioner under Gen. Stat. 4-16a[1]. Those 4 categories represent the recognized exceptions and a simple contract breach does not fit within any of them. Therefore, the action is barred against the state as sovereign.
The factual sequence of events as alleged by the plaintiff is as follows. The plaintiff, Antonio L. Pina, was first employed as a Connecticut state trooper in the spring of 1991. Then he was assigned to work undercover with the Statewide Narcotics Task Force. During this assignment, the plaintiff was accused of using drugs, sharing drugs with a drug dealer, disclosing confidential information to a drug dealer, and other acts of wrongdoing. All of these accusations were made by the drug dealer with whom the plaintiff allegedly committed these acts. At the time the accusations were made, the drug dealer was under investigation by the plaintiff, as well as by other members of the Statewide Narcotics Task Force. Subsequent to the drug dealer's accusations against the plaintiff, the plaintiff was charged with violating certain provisions of the Operations Manual of the Division of State Police, Department of Public Safety, and was terminated from his position on or about February 11, 1992. On October 8, 1992, the defendant, Nicholas A. Cioffi, the commissioner of public safety of the State of Connecticut, and the State of Connecticut, entered into an agreement with the plaintiff, whereby the plaintiff would submit to an initial drug screen at that time. If the drug screen produced a negative result, the plaintiff would be reinstated to his former position. If the drug screen produced a positive result, the plaintiff would be subjected to a confirming test, which, if positive, would result in the plaintiff being terminated without further recourse. On October 14, 1992, the plaintiff underwent an initial drug screen which produced a negative result. The defendant and the state were notified of the result. The defendant did not reinstate the plaintiff. The defendant caused the plaintiff to undergo a second drug test, which consisted of the testing of hairs which had been cut from various parts of the plaintiff's body. The defendant was notified that such a test had no scientific value and had been rejected by the scientific community. The defendant notified the plaintiff that the plaintiff's hair had tested positive for drugs, and that the plaintiff would not be reinstated. The plaintiff filed suit on September 12, 1994, against the defendant. The complaint could be read to mean that Cioffi was CT Page 2076 being sued in his official and individual capacities. The plaintiff, however, conceded on the record that Cioffi is sued only in his official capacity.
The plaintiff alleges that the defendant and the state breached their contract with the plaintiff. The plaintiff further alleges that the defendant is obligated to reinstate the plaintiff. The plaintiff claims he has no adequate remedy at law and seeks "a temporary and permanent injunction requiring the defendant forthwith to reinstate him to his position as a Connecticut State Trooper with pay and benefits retroactive to the date on which he should have been so reinstated."
The defendant moved to dismiss the plaintiff's complaint on October 25, 1994 on four grounds: improper venue; sovereign immunity; immunity pursuant to General Statutes § 4-165; and, defective service of process. At oral argument before this court on January 17, 1995, the defendant withdrew the grounds of improper venue and defective service of process and non-compliance with § 4-165. Therefore, it is solely the grounds of sovereign immunity that the court is presently concerned with on this motion to dismiss.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914, 922 (1991) quoting Baskin's Appeal fromProbate, 194 Conn. 635, 640, 484 A.2d 934 (1984).
"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone. . . ." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees of Regional CommunityColleges, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Antinerella v.Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "Regardless of the phraseology in the nature of a conclusion employed by the pleader, if the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." UpsonCT Page 2077v. State, supra, 190 Conn. 626.
Whether the doctrine of sovereign immunity bars the lawsuit must be determined by the court.
The Supreme Court in Antinerella set out its analysis of the general immunity the state enjoys and the narrow areas where exceptions would be drawn. It said:
 We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends. . . . It does not follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. . . . Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. . . .
(Citations omitted; internal quotation marks omitted.)Antinerella v. Rioux, supra, 229 Conn. 487-88. In Antinerella,
the court further noted that:
 Because this case comes to us on a threshold sovereign immunity issue, pursuant to a motion to dismiss; Practice Book § 143; we do not pass on whether the complaint was legally sufficient to state a cause of action. . . . [Rather], we examine the pleadings to see if the plaintiff has alleged sufficient facts: (1) with respect to sovereign immunity, to support a conclusion that the defendant acted in excess of his statutory authority. . . .
Id. 489.
It is necessary at this juncture to point out that the CT Page 2078 plaintiff essentially asks the court for two remedies. First, the plaintiff seeks injunctive relief by way of court order to reinstate the plaintiff to his former position as a state trooper. Second, he also seeks back pay and wages retroactive to the date he alleges he should have been reinstated. With respect to the declaratory, injunctive monetary relief sought by the plaintiffs, sovereign immunity is a defense. Krozser v.New Haven, 212 Conn. 415, 420, 562 A.2d 1080 (1989).
There are three recognized exceptions to the defense of sovereign immunity. These exceptions are: legislative consent to be sued; action by state officers pursuant to an unconstitutional statute; and, action by state officers in excess of their statutory authority. See, Antinerella v. Rioux, 229 Conn. 479, ___ A.2d ___ (1994); Unisys Corporation v. Department of Labor,220 Conn. 689, 600 A.2d (1991); Savage v. Aronson, 214 Conn. 256,264, 571 A.2d 696; Sentner v. Board of Trustees, 184 Conn. 339,439 A.2d 1033 (1981); Horton v. Meskill, 172 Conn. 615,376 A.2d 359 (1977).
The Supreme Court has "excepted declaratory and injunctive relief where the constitution or a statute is violated from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." Doe v. Heintz, 204 Conn. 17, 31-2,526 A.2d 1318 (1987).
Here there can be no quarrel with the fact that the constitution and statutes permit the State Police Commissioner to enter into contracts. Giving the plaintiff's complaint the most favorable interpretation to which it is entitled when a court views a motion to dismiss, it alleges no exceeding of statutory or constitutional authority, but mere contract breach.
On a motion to dismiss of this kind, the court must look to "the pleadings to see if the plaintiff has alleged sufficient facts . . . with respect to sovereign immunity, to support a conclusion that the defendant acted in excess of his statutory authority." (Emphasis added.) Id.
In the light most favorable to the plaintiff, the plaintiff's complaint alleges that the defendant breached a contract between the plaintiff and the state, and that the defendant is obligated to reinstate the plaintiff. There are no facts CT Page 2079 alleged in the plaintiff's complaint to support a conclusion that the defendant acted in excess of his constitutional statutory authority, or that this lawsuit was authorized either by statute or action of the claims commissioner. The defendant is therefore protected in his official capacity by the doctrine of sovereign immunity as to the plaintiff's request for injunctive relief, declaratory relief and for retroactive back wages and benefits. Sagamore Group, Inc. v. Commissioner ofTransportation, 29 Conn. App. 292, 614 A.2d 1255 (1992).
Motion to dismiss GRANTED.
FLYNN, J.