[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in this action was dismissed by the court (Leheny, J.) on August 21, 1997 upon the motion of the named defendant, the town of Southbury. Thereafter, at the short calendar of September 15, 1997, the same defendant's objection to the plaintiff's request for leave to amend her complaint came on for consideration by me. The plaintiff's requested amendment was intended to cure the defect which led to Judge Leheny's dismissal of the complaint.
Judge Leheny was required to rule on the defendant's motion to dismiss before the plaintiff's request for leave to amend could be considered. Gurliacci v. Mayer,218 Conn. 531, 545 (1991). Now that the defendant's motion to dismiss has been granted, I am without jurisdiction to permit the plaintiff to amend her complaint to add claims against the CT Page 12252 town of Southbury. FDIC v. Peabody, N.E. Inc., 239 Conn. 93,100 (1996). "If a motion to dismiss is granted, the case is terminated save for an appeal of that ruling." Baskin's Appealfrom Probate, 194 Conn. 635, 640 (1984). See LaPia v. MobilChemical Co., Superior Court, Judicial District of Fairfield (No. 219350) (Jan. 13, 1986; Meadow, J.) (12 CLT 15).
Accordingly, the defendant's objection to the plaintiff's request for leave to amend is sustained.
BY THE COURT
Shortall