[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, The Randolph Foundation, a charitable trust, appeals from a decree of the Probate Court of the District of Westport. The plaintiff was ordered to file timely annual accounts with the Probate Court and to include the defendant, The H. Smith Richardson Foundation (SRF), on the list of parties to receive notice of all accounting proceedings, copies of accounts and other documents submitted to the court.
The plaintiff alleges in its reasons for appeal that the SRF, a charitable foundation, has at the most the interest of a contingent beneficiary in the Randolph Foundation. The plaintiff further alleges that because the SRF "has no standing to challenge the activities of the trustees of The Randolph Foundation and has no legitimate interest in the periodic accounts of the Randolph Foundation, it was improper for the Probate Court to Order that The Smith Richardson Foundation be included as a noticed party in connection with all accounting proceedings involving The Randolph Foundation." The plaintiff also contends that the Randolph Foundation and its trustees are aggrieved by the Probate Court's order, which will "cause the Randolph Foundation unnecessary inconvenience and expense to its own detriment and to the detriment of its charitable beneficiaries."
SRF has moved (#102) to dismiss the appeal on the ground that the plaintiff is not aggrieved, and that in the absence of such aggrievement this court lacks subject matter jurisdiction. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "Because the right to appeal is statutorily conferred by [General CT Page 11960 Statutes § 45a-186][1], the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." Baskin's Appealfrom Probate, 194 Conn. 635, 637, 484 A.2d 934 (1984).
The SRF argues that the plaintiff has neither a pecuniary interest, nor a legally protected interest in the subject matter of the Probate Court decree, and therefore is not aggrieved. The plaintiff argues that it has a legally protected interest as well as a pecuniary interest which has been injuriously affected by the order of the Probate Court, and therefore it may properly appeal the order to this court.
"[T]o prosecute an appeal from a Probate Court, it is necessary that the plaintiff be aggrieved within the meaning of [§ 45a-186]. Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. [T]he frequent statement that a plaintiff, to be aggrieved, must have a pecuniary interest . . . is too narrow to deal with the various types of cases presented by appeals from probate . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." (Citations omitted; internal quotation marks omitted.) Erisoty'sAppeal from Probate, 216 Conn. 514, 519, 582 A.2d 760 (1990).
The question in the present case is whether the plaintiff has a legally protected interest that will possibly be adversely affected by the decree of the Probate Court ordering the plaintiff to give notice to the SRF of all accounting proceedings. The plaintiff, since it is the entity ordered to act under the Probate Court's decree, has the requisite interest in light of its allegation in its reasons for appeal that the decree "will cause The Randolph Foundation unnecessary inconvenience and expense to its own detriment and to the detriment of its charitable beneficiaries." Thus, the plaintiff has a genuine and legitimate interest in the decree of the Probate Court such that it has standing to appeal. The question presently before the court is not the propriety of the Probate Court decree. SeeErisoty's Appeal from Probate, supra, 216 Conn. 520 (issue of whether party was aggrieved under [§ 45a-186] by the actions of the Probate Court distinguished from question of whether, on a review of the merits, it will prevail). CT Page 11961
The defendant's motion to dismiss the plaintiff's appeal is denied.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of October, 1998.
William B. Lewis, Judge