[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented in this appeal from the District of Newtown Probate Court is simple and straightforward: At the time of her death, was Peter Piccirillo, Sr. the lawful spouse of the Decedent, Diana J. Piccirillo?
On January 24, 1992, Diane J. Piccirillo ("Decedent") died intestate, a resident of the Town of Newtown. At the time of her death, the decedent had five living children, of whom, Joseph B. Piccirillo, was the oldest. Two of the said five children, Joseph B. Piccirillo, the Plaintiff in the instant appeal, and Lucien Piccirillo, contested the marital status of the Decedent and Peter Piccirillo, Sr. in the Probate Court.
After an evidentiary hearing, the Probate Court found, on April 30, 1998, that Peter Piccirillo was married to and the lawful spouse of the Decedent, Diana J. Piccirillo.
Joseph B. Piccirillo has appealed the decision of the Probate Court to the Superior Court claiming:
 1. The Decedent was not married to Peter Piccirillo; and
 2. Peter Piccirillo, Sr. is not the surviving spouse of the Decedent. CT Page 6770
In considering the issues before it in this matter, this Court notes first that the concept of an "appeal" from probate is perhaps a misnomer, as an "appeal" from probate is a de novo proceeding in which the Superior Court makes an independent determination of the issues raised in the appeal. Marshall v. Kleinman, 186 Conn. 67, 69 (1982). The reasons for appeal fulfill essentially the same function as a complaint in a traditional civil action; see Baskin's Appeal from Probate, 194 Conn. 635,642 (1984); and the parties have the opportunity to present any evidence which could have been offered in the Probate Court, whether or not it actually was offered. Id., at 641.
After careful consideration of all of the evidence presented at trial, including the testimony of the witnesses and the documentary evidence submitted during such trial, and after a careful weighing of the credibility of the witnesses who so testified at trial, and after careful consideration of the arguments of counsel presented both at trial and in their respective post-trial briefs, the Court finds the facts as follows:
Peter Piccirillo, Sr. was born on January 21, 1917. He met the decedent, Diana, in late 1946 or early 1947. Sometime in 1947 or 1948 Piccirillo, Sr. and Diana went to New Jersey to visit some friends. That during the said New Jersey trip, Piccirillo, Sr. and Diana spent the night at a friend's home in New Jersey and upon awaking the next morning, at Diana's suggestion, Piccirillo, Sr. and Diana traveled to the State of Maryland for the purpose of getting married.
Although they had no specific plans to get married when they set out on their trip to visit friends in New Jersey, Piccirillo, Sr. and Diana had, prior to said trip, spoken about getting married after Diana obtained a divorce from her first husband. In fact, Piccirillo, Sr. testified and the Court so finds, that Piccirillo, Sr. and Diana had "spoken many times about getting married and we decided the trip to Jersey was an opportune time" to do so.
The Court further finds that Piccirillo, Sr. and Diana did so travel to a wedding "chapel" facility within the State of Maryland, possibly within the Town of Elkton, and that they there filled out some paperwork. The Court further finds that while at the said chapel a person, although not dressed in what would commonly be referred to as religious garb, performed a wedding "ceremony". During the ceremony, Paul and Diana agreed to be married. They embraced at the end of the ceremony and were given a certificate attesting to the marriage. A fee was paid for the performance of the wedding ceremony. Although he has made a diligent search for the same, Peter Piccirillo, Sr. has been unable to locate the certificate that was issued upon the conclusion of the wedding ceremony. CT Page 6771
While this Court acknowledges the total lack of any documentary proof by way of marriage license, marriage certificate or other public record that would conclusively establish the fact of a marriage between Piccirillo, Sr. and Diana, in finding the facts as it has in this matter this Court has in addition to the facts set forth above, found the following facts as well: That at some point subsequent to the wedding ceremony and for a period of some forty years, Piccirillo, Sr. and Diana lived in Connecticut as husband and wife. That they had three children together, William, Peter, Jr. and Diane. That they held themselves out to the public and transacted business together for more than forty years as husband and wife. That a Social Security Administration file that was received in evidence at trial (Exhibit E) contains Diana Piccirillo's signed statement that she was married to Peter Piccirillo, Sr. on April 18, 1948 in Maryland. That the voter registration records of the Town of Monroe, Connecticut, (Exhibit F at trial) discloses that the decedent had registered to vote under the name of Diana Piccirillo.
In rendering its decision in this matter the Court has adopted the legal arguments made by the defendant, Peter Piccirillo, Sr. as are more fully set forth in his post-trial brief dated February 3, 2000 and received by the Court on February 4, 2000.
The weight of the evidence presented in this matter and the Court's assessment of the credibility of that evidence causes this Court to find that Peter Piccirillo, Sr. and Diana were in fact married and that at the time of her death, Peter Piccirillo, Sr. was the lawful spouse of the decedent, Diana Piccirillo.
Judgment may enter accordingly.
BY THE COURT
CARROLL, J.