[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In a case which had a tortuous procedural history, Mr. Eason was adjudicated to be the father of twin boys in a decision by a family support magistrate on April 8, 1996. Ridley (State of Connecticut) v.Eason, Docket No. FA 96 0620543 (hereafter "Ridley"). From that judgment he has filed a petition for a new trial, claiming overwhelming evidence that he is not the father. The defendant Commissioner of Social Services has moved to dismiss the plaintiffs petition dated August 2, 1999, asserting, inter alia, that Mr. Eason does not meet the statutory requirements of Connecticut General Statutes, § 52-270, that the petition was not filed within three years of the underlying adjudication, and that the underlying case constitutes a prior pending action.
The plaintiff acknowledged paternity in court on April 26, 1996 after having been advised of his right to an attorney, to a trial, and to genetic testing concerning paternity. Thereafter, on April 27, 1998, he filed a motion to reopen the judgment, asserting that he had recently learned from Ms. Ridley that she had become pregnant with the twins at a time she was having sexual relations with another man. After an evidentiary hearing, the motion was denied. On July 28, 1998, he filed another motion to reopen the judgment, repeating the allegations about Ms. Ridley and adding that the results of a DNA test had excluded him as CT Page 7652 the father of one of the twins. On both occasions, he was unrepresented. Finally, an attorney filed a motion for paternity testing on his behalf. That motion was denied by the family support magistrate on the grounds of res judicata. The decision was affirmed by this court (Gruendel, J.).
While awaiting the decision on his appeal, Mr. Eason filed a petition for a hearing on the issue of paternity under § 46b-172 of the General Statutes, repeating the allegations concerning Ms. Ridley and the DNA test. This court (Devine, J.) granted the state's motion to dismiss the petition, holding that § 46b-172 applied only to adjudications of paternity obtained based upon acknowledgments of paternity, and not to adjudications obtained in court after advisement of the right to a lawyer, a trial, and genetic testing. Judge Devine denied Mr. Eason's oral request at argument also to have the petition treated as an action for new trial pursuant to § 52-270.
A motion to dismiss is proper to assert lack of jurisdiction over the subject matter or the person, improper venue or service of process or insufficiency of service of process. Connecticut Practice Book, §§ 10-30
and 10-31. Here, the defendant asserts only lack of subject matter jurisdiction. First, the Commissioner asserts that the plaintiff does not meet the statutory requirements of § 52-270 of the General Statutes. That statute provides:
 The Superior Court may grant a new trial in any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in who or part existed . . . or for other reasonable cause, according to the rules in such cases.
Connecticut General Statutes, § 52-270 (a). A motion to dismiss admits all well pleaded facts and construes the complaint in a way most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227
(1983). It cannot be used to test whether the complaint states a cause of action. Baskin's Appeal from Probate, 194 Conn. 635, 640 (1984). There is no question that the plaintiff has adequately stated a cause of action for relief pursuant to § 52-270. He has asserted a lack of a reasonable opportunity to appear and defend and that he has a right to a new trial for other reasonable cause. "The primary test for determining whether a new trial should be granted is whether an injustice was done and whether it is probable that on a new trial a different result would be reached." Summerville v. Warden, 229 Conn. 397, 425-26 (1994). He is entitled to have a court determine that issue. CT Page 7653
The state also asserts that the action is barred by the three year statute of limitations. The statute of limitations cannot be raised by a motion to dismiss. However, it is instructive that the state asserts both that the underlying action is pending (asserted in behalf of the prior pending action assertion) and that it has not been pending for a period in excess of the statute of limitations. In fact, the underlying case concluded only when the plaintiff had exhausted all of his remedies to have the judgment reopened for new evidence, which occurred in 1999.
The state asserts that the motion to dismiss must be granted because there is a prior pending action. A motion to dismiss is appropriate to assert that the suit is barred by a prior pending action. Halpern v.Board of Education, 196 Conn. 647, 652 n. 4 (1985).
 The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object is, at common law, good cause for abatement. It is so, because there cannot be any reason or cause for bringing the second, and therefore it must be oppressive and vexatious.
Id., 652; Gaudio v. Gaudio, 23 Conn. App. 287, 295 (1990), cert. denied,217 Conn. 803 (1990). In this case, the underlying case has gone to final judgment, so there is no pending action. Moreover, the relief sought in this suit, to wit a new trial, is different from the relief sought in the former case.
Finally, the state asserts that the motion to dismiss must be granted because of res judicata. A motion to dismiss is not the proper vehicle to raise a dense of res judicata. Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687 (1985). However, this matter could not be dismissed in any event because of res judicata. The relief the plaintiff is seeking is different from any other relief he has sought before.
The issues are not identical, and there is no bar.
The motion to dismiss is denied.
By the Court,
Gruendel, J.