DORITA H. URRATA *v.* JOSEPH A. IZZILLO, ADMINISTRATOR (ESTATE OF ROSE URRATA)
(2316)

TESTO, HULL and BORDEN, Js.

Argued October 12—decision released November 29, 1983

*Donat C. Marchand,* for the appellant (plaintiff).
*Guy J. Farina,* for the appellee (defendant).
*Jeffrey S. Ramer,* for the minor children.

BORDEN, J. The sole issue in this appeal[1] is whether the plaintiff, a judgment creditor of an heir at law, is aggrieved within the meaning of General Statutes § 45-288[2] by an order of the Probate Court admitting a will disinheriting that heir. We hold that the plaintiff is not aggrieved.

Rose Urrata left one child, Joseph Urrata. The plaintiff is Joseph's former wife and his judgment creditor pursuant to a judgment for alimony and child support arrearages. After Rose's death but prior to the filing of her will for probate, the plaintiff filed a judgment lien against Joseph's purported interest[3] in real estate owned by Rose. Rose's will left $1 to Joseph, small legacies to the plaintiff's children, and the residue of her estate, consisting primarily of her former residence, to Joseph's child by his present wife.

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] General Statutes § 45-288 provides in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court . . . ."

[3] It appears that this interest is that of an expectancy of an heir at law. The lien, such as it is, adds nothing to the plaintiff's claim of aggrievement since Joseph would have no interest in the real estate unless the will were disallowed. Thus the lien does no more than evoke the aphorism about the cart and the horse.

The Probate Court allowed the plaintiff to contest the will and, after a hearing, admitted the will. The plaintiff appealed to the Superior Court. The defendant, the administrator of Rose's estate, moved to dismiss the appeal on the ground that the plaintiff is not aggrieved. The court granted the defendant's motion and the plaintiff appeals, claiming aggrievement.

Aggrievement is a jurisdictional prerequisite to an appeal from a decree of a Probate Court. *Lenge* v. *Goldfarb,* 169 Conn. 218, 220–21, 363 A.2d 110 (1975). The Supreme Court has recently and thoroughly articulated the principles by which such aggrievement is measured. "The concept of standing, as presented by the question of aggrievement, 'is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court.' " *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 516, 429 A.2d 967 (1980). "[T]he existence of aggrievement depends upon 'whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.' *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660 (1953); see *Gaucher* v. *Estate of Camp,* [167 Conn. 396, 401, 355 A.2d 303 (1974)]; *Hartford Kosher Caterers, Inc.* v. *Gazda,* [165 Conn. 478, 486, 338 A.2d 497 (1973)]. Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." Id., 516–17.

Application of these principles to this case requires us to decide where a line should be drawn. As Justice Holmes said, "the great body of the law consists in drawing such lines . . . ." *Schlesinger* v. *Wisconsin,* 270 U.S. 230, 241, 46 S. Ct. 260, 70 L. Ed. 557 (1926) (*Holmes, J.,* dissenting). We do not draw on a clean slate, however. The requirement that, in order to establish aggrievement, the interest which is adversely

affected be "direct" is of long-standing and unbroken lineage. See *Maloney* v. *Pac,* 183 Conn. 313, 321, 439 A.2d 349 (1981); *Beard's Appeal,* 64 Conn. 526, 533, 30 A. 775 (1894). Although we recognize that some jurisdictions do under some circumstances permit a creditor of an heir to contest a will; see 3 Page, Wills (Bowe & Parker Rev.) § 26.60 and cases cited therein; we agree with the trial court's conclusion that the plaintiff's interest in the estate here is indirect rather than direct. If the will were set aside, the plaintiff would not directly take any part of the estate. Any rights she claims are not rights in the estate itself; her interest derives strictly through a third person. Under these circumstances, she is not aggrieved.

There is no error.

In this opinion the other judges concurred.