[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from an August 10, 1990, decree of the New Haven Probate Court. The plaintiff is the State of Connecticut and the defendants are the estate of Warren Malone, and its heirs-at-law, Robert Malone, John Malone, Mary Turbet, Eunice Southworth, John Carrozella, and Joyce A. Phillips as conservator for Ilse Malone. The probate court's decree ruled that Ilse Malone was not the legal wife of Warren Malone who had died intestate on November 11, 1988 and therefore excluded Ilse Malone as an heir-at-law. The State of Connecticut now appeals from that decree, alleging that Ilse Malone is a patient at Connecticut Valley Hospital, and the state has rendered some $158,787.28 in services to Ilse Malone of which $144,893.20 remains unpaid. The State of Connecticut is seeking to satisfy its claim against Ilse Malone from any amount that she might inherit from Warren Malone's estate.
The defendant, Robert Malone, now moves to dismiss the CT Page 3671 complaint, arguing that the court lacks subject matter jurisdiction because the plaintiff is not "aggrieved" within the meaning of the statute. The plaintiff, claims that as a statutory creditor of Ilse Malone, it is aggrieved by the probate courts decision which ruled that Ilse Malone was not an heir of Warren Malone's estate.
The motion is used to test whether on the face of the record the court lacks jurisdiction to hear her case. Upson v. State, 190 Conn. 622, 624 (1983). The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. Practice Book 143(1); School Administrators Ass'n. v. Dow,200 Conn. 376, 380 n. 1 (1986) or for insufficiency of process, Practice Book 143(4); Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431 (1989). When properly used, the motion to dismiss addresses only the court's jurisdiction and not the merits of the complaint. Buritt Mutual Savings Bank of New Britain v. Tucker, 183 Conn. 369, 372
(1981). Challenges to the court's jurisdiction must be disposed of before considering other issues. Kinney v. State, 213 Conn. 54,58 (1989). The jurisdictional inquiry does not extend to the merits of the case. Isaac v. Mount Sinai Hospital,210 Conn. 721, 732 (1989).
The allegations in the complaint are viewed in a light most favorable to the pleader. Pellegrino v. O'Neill, 193 Conn. 670,672 (1984). Every presumption in favor of the court exercising subject matter will be indulged. DeMar v. Open Space 
Conservation Commission, 211 Conn. 416, 425 (1989).
Conn. Gen. Stat. 45-288 allows for an appeal to be brought "by any person aggrieved by any order, denial or decree of a probate court, . . ." The right to appeal from the decision of a probate court is statutorily conferred; the absence of aggrievement is a jurisdictional defect that deprives the court of the power to hear the appeal. Baskin's Appeal from Probate,194 Conn. 635, 637 (1984). The general test for aggrievement is "whether there is a possibility, as distinguished from a certainty, that some legally protected interest which an appellant has in the estate has been adversely affected." Department of Income Maintenance v. Watts, 211 Conn. 323, 326
(1989). "Statutory aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular legislation, . . ." Bucholz's Appeal from Probate, 9 Conn. App. 413,416 (1987).
In the case at bar, the plaintiff claims to be aggrieved by the operation of Conn. Gen. Stats. 17-295 (c) which provides that, CT Page 3672
 (c) Each patient, the husband or wife of such patient and the father and mother of a patient under the age of eighteen years shall be legally liable from the date of admission for the support of such patient in such institution in accordance with his ability to pay; except that the maximum liability of legally liable relatives as such for a patient in a state humane institution shall be determined by the commissioner in accordance with section 4a-12 and subsection (b) of this section.
The plaintiff argues that the operation of section 17-295 confers upon the state the status of a statutory lien creditor, and the probate court's decree adversely affected its right to seek reimbursement pursuant to that provision. The defendant argues that the creditor of a potential heir-at-law is not "aggrieved" within the meaning of Conn. Gen. Stats. 45-288.
The defendant relies on Urrata v. Izzillo, 1 Conn. App. 17
(1983), which held that the judgment creditor of an heir-at-law was not statutorily aggrieved by a probate court decree that admitted a will that disinherited that heir. Id. at 20. Urrata can be distinguished from the case at bar.
In Department of Income Maintenance v. Watts, 211 Conn. 323, (1987), the supreme court reasoned that the possible adverse effect on the state's right to seek statutory reimbursement was sufficient to establish aggrievement. Id. at 327. In Watts, the probate court had approved a conservator's disclaimer of his ward's interest in a testamentary trust. The ward had been the recipient of public assistance, for which the state was automatically entitled to seek reimbursement from any acquired property pursuant to Conn. Gen. Stats. 17-83e. The court pointed out that, "the apparent effect of the disclaimer . . . is that the ward will not have any assets that can be reached for reimbursement. . . ." Id.
In the case at bar, the effect of the probate court's decree was to extinguish any possible claim under section 17-295.
The defendant, Robert Malone, argues that the abode service at 21 Fern Cliff Drive, New Haven was insufficient. He states that his true address is 21 River Cliff Drive, Milford, and that "his place of abode appears in the New Haven Probate records." However, the Decree allowing an appeal from Probate "Order[s] that notice of appeal be given as follows: . . . Robert Malone of 21 CT Page 3673 Fern Cliff, Drive, New Haven. . ." and the plaintiff complied therewith.
Service in accordance with the order of notice is sufficient. See Locke Kohn, Connecticut Probate Practice Vol. 1, Section 203. See Practice Book 194 (rev'd to 1978, as Updated to October 1, 1990).
The plaintiff is "aggrieved" and process is sufficient. The motion to dismiss is denied.
McKEEVER, JUDGE