## ELIAS JASER *v.* BRIAN T. FISCHER ET AL.
### (AC 20623)

Foti, Dranginis and Stoughton, Js.

---

Argued February 20—officially released August 28, 2001

*Dominic J. Caciopoli,* with whom was *Rocco J. Tirozzi,* for the appellant (plaintiff).

*Peter C. Barrett,* for the appellees (defendants).

*Opinion*

STOUGHTON, J. The plaintiff, Elias Jaser, appeals from the summary judgment rendered in favor of the defendants, Brian T. Fischer and National Grange Mutual Insurance Company (National Grange).[1] The plaintiff claims that the defendants were not entitled to summary judgment as a matter of law and that there were genuine issues of material fact as to each count. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. Michael Mansi died intestate leaving Raymond Mansi

---

[1] The defendant National Grange, which issued the bond required of the defendant Brian Fischer in connection with the sale of the real estate in question, did not participate in the administration of the estate and release of the sale proceeds in dispute. Therefore, we limit our discussion to the defendant Brian Fischer.

and Lucille Celentano as his heirs. His estate included real property located at 7 Donna Lane in West Haven. On March 24, 1992, the Probate Court appointed Fischer as the administrator of the estate.

Previously, on February 14, 1992, the plaintiff had obtained a judgment by default against Raymond Mansi for $24,845.90. On June 29, 1992, the plaintiff filed a judgment lien against the property at 7 Donna Lane. Celentano subsequently offered to purchase the property from the estate. The Probate Court granted an application to sell subject to a surety bond in the amount of $125,000. Fischer then was authorized to sell and convey or mortgage the property. National Grange furnished a bond that was conditioned on the faithful performance of duties and the administration and accounting for all moneys and other properties coming into the hands of the principal.

The bond was filed on September 10, 1992, and the plaintiff's attorney, Rocco Tirozzi, agreed to furnish a limited release of the judgment lien to facilitate the sale. The release, dated October 15, 1992, provided that its purpose was to release the lien but to retain its effect as to the proceeds of the sale. On the same date, Fischer wrote a letter to Tirozzi in which he advised him that he would not disburse any funds to Raymond Mansi without the consent of Tirozzi and Laurence Parnoff, Raymond Mansi's attorney.

On October 16, 1992, Tirozzi wrote a letter to Fischer setting out his understanding of their agreement. The letter contained the following language: "Further, you agree to satisfy said judgment lien from said net funds as soon as your Administrative duties allow you to." Fischer amended that sentence by adding the words "as agreed between Attorneys Tirozzi [and] Parnoff." Fischer appended his signature indicating that he had read, agreed to and accepted the contents of the letter.

Two sets of initials that appear to be those of Fischer and Tirozzi are written next to the amendment to the letter.

On October 16, 1992, Celentano purchased the premises at 7 Donna Lane. The net proceeds of the sale were $126,370.33. On January 5, 1993, Fischer filed his final accounting with the Probate Court showing a proposed distribution of $54,534.88 each to Celentano and Raymond Mansi. The accounting was allowed and approved on February 8, 1993, and the bond was terminated on that date.

On March 5, 1993, the February 14, 1992 judgment on the default was vacated for lack of jurisdiction and the plaintiff's action against Raymond Mansi was dismissed. See *Jaser* v. *Mansi*, 33 Conn. App. 933, 636 A.2d 880 (1994). On or about March 10, 1993, Fischer and Tirozzi met, and Tirozzi confirmed that the February 14, 1992 judgment had been vacated. Fischer claims that he told Tirozzi that the security interest had been lost and that he would disburse the funds to Celentano and Raymond Mansi. Tirozzi claims that on March 22, 1993, he wrote to Fischer and informed him that he had filed a motion to extend the time within which to appeal.

On March 26, 1993, Parnoff wrote a letter to Fischer demanding that he disburse the funds to Raymond Mansi and enclosed a copy of the dismissal. In that letter, Parnoff stated that he had been informed by the clerk of the court that no appeal of that judgment had been filed and the appeal period, which had not been extended, had expired. On April 2, 1993, Parnoff again wrote to Fischer demanding payment and informing Fischer that Raymond Mansi would hold him personally responsible for any damages arising from the delay. On April 7, 1993, Fischer distributed Raymond Mansi's share through Parnoff.

Tirozzi obtained an extension of time within which to appeal and, on April 21, 1993, filed an appeal from the judgment dismissing the action. The trial court's judgment was ultimately affirmed. Id. The plaintiff then began a new action, and, on September 23, 1993, Tirozzi obtained a prejudgment attachment order. Fischer, however, already had disbursed all of the funds by the time the prejudgment attachment order was served on October 28, 1993. On October 30, 1995, the plaintiff obtained a judgment against Raymond Mansi in the amount of $35,008.40.

The Probate Court, on September 21, 1998, authorized the plaintiff to bring an action on the bond as an unpaid creditor of an heir, and the plaintiff instituted this action in four counts against the defendants pursuant to General Statutes § 45a-144.[2] The first count alleges that Fischer breached his fiduciary duties. The second count alleges that Fischer breached the written agreements to pay the plaintiff from the sale proceeds. The third count alleges that Fischer induced the plaintiff to deliver the limited release by falsely representing that

---

[2] We note that the trial court found that the plaintiff was not aggrieved under § 45a-144 and, notwithstanding this finding, discussed the merits of the case. The trial court applied the analysis set forth in *Urrata* v. *Izzillo*, 1 Conn. App. 17, 467 A.2d 943 (1983), which involved General Statutes § 45-288, now § 45a-186. Section 45a-186 (a) provides in relevant part that "[a]ny person *aggrieved* by any order . . . of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court . . . ." (Emphasis added.) *Urrata* held that a creditor of an heir cannot be aggrieved under § 45-288, now § 45a-186, because such a person has only an indirect interest in the estate. Here, the trial court found that "it would be incongruous to find that a different aggrievement standard applied to the two statutes [§ 45a-144 and § 45a-186]" and, pursuant to *Urrata*, concluded that the plaintiff was not aggrieved under § 45a-144. Section 45a-144, however, differs from § 45a-186 because the former provides that "[a]ny person *claiming to be aggrieved* by the breach of a probate bond" may bring an action in the Superior Court. (Emphasis added.) General Statutes § 45a-144 (a). In this case, the plaintiff had standing based on his claim that he was aggrieved.

he would not distribute proceeds of the sale without the consent of the plaintiff's attorney and Raymond Mansi's attorney. Finally, the fourth count alleges that Fischer became a constructive trustee of the proceeds of the sale for the benefit of the plaintiff, among others.

The defendants denied the material allegations of the complaint and pleaded several special defenses, one of which was that, pursuant to General Statutes § 45a-202,[3] the defendants were not liable to the plaintiff because the disbursements by Fischer were made in good faith and pursuant to the Probate Court order. The trial court, having considered the pleadings, affidavits and other documents submitted, rendered summary judgment as a matter of law in favor of the defendants on all four counts and on the special defense of good faith, finding that there were no genuine issues of material fact. This appeal followed.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. . . . Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence

---

[3] General Statutes § 45a-202 provides: "(a) Any person, acting as a fiduciary as defined by section 45a-199 or in any other fiduciary capacity, who in good faith makes payments or delivers property or estate pursuant to the order of the court of probate having jurisdiction before an appeal has been taken from such order, shall not be liable for the money so paid, or the property so delivered, even if the order under which such payment or delivery has been made is later reversed, vacated or set aside.

"(b) This section shall not prevent a recovery of such money or property by the person entitled to it from any person receiving it or in possession of it."

of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) *Gohel* v. *Allstate Ins. Co.*, 61 Conn. App. 806, 809–10, 768 A.2d 950 (2001).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendants] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Crystal Lake Clean Water Preservation Assn.* v. *Ellington*, 53 Conn. App. 142, 147, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999).

I

The plaintiff first claims that there is a material issue of fact as to whether Fischer breached his fiduciary

duties to the plaintiff. Specifically, the plaintiff alleges that he is an unpaid creditor of Raymond Mansi, one of the heirs of Michael Mansi. "[A]n [administrator of an estate] must remain loyal to the estate that she is administering and must not act . . . for the interests of parties other than the heirs, distributees, and creditors of the estate." (Internal quotation marks omitted.) *Hall* v. *Schoenwetter*, 239 Conn. 553, 559, 686 A.2d 980 (1996).

In this case, the plaintiff is neither an heir nor a creditor of Michael Mansi's estate. The plaintiff is a creditor of Raymond Mansi. The duty of an administrator is to the heirs and creditors of the estate. We agree with the court that Fischer, as the administrator, owed no fiduciary duty to the plaintiff. The plaintiff concedes that the administrator owed him no duty as an administrator and, in his brief, states that this court should ignore the arguments related to fiduciary obligations because this case is about direct voluntary agreements undertaken by Fischer.[4] Accordingly, the trial court properly rendered summary judgment as a matter of law as to the first count.

## II

In the second count, the plaintiff alleges that Fischer breached the written agreements to pay the plaintiff out of the proceeds from the sale of the property at 7 Donna Lane. "Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. Intention is an inference of fact, and the conclusion is not reviewable unless it was one that the trier could not reasonably make." (Internal quotation marks omitted.) *Biller Associates* v. *Peterken*, 58 Conn.

---

[4] The plaintiff, in his brief, states that "[t]his court should totally ignore defendant's arguments related to fiduciary obligations of attorney Fischer. This case is about direct voluntary agreements, representations, etc., which attorney Fischer voluntarily took on."

App. 8, 13, 751 A.2d 836, cert. granted on other grounds, 254 Conn. 914, 759 A.2d 506 (2000).

While "summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated . . . [t]he summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion. . . . Our Supreme Court has held that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." (Citations omitted; internal quotation marks omitted.) *Reynolds* v. *Chrysler First Commercial Corp.*, 40 Conn. App. 725, 731–32, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996).

In this case, the plaintiff did not present an adequate factual predicate to raise a genuine issue of material fact. In his objection to the defendants' motion for summary judgment, the plaintiff attached an order from the Probate Court granting the plaintiff permission to bring an action on the bond; a memorandum of decision by the Superior Court in which the court denied the appeal from the probate decree authorizing the action on the bond and concluding that the Probate Court did not abuse its discretion in issuing that decree; a copy of an order entered by the trial court denying the defendants' motion to strike the plaintiff's complaint in the action on the bond; a notice of filing of the plaintiff's chronology of events; an affidavit signed by Tirozzi attesting to the accuracy of the exhibits attached to the plaintiff's objection; and a memorandum of law. Our careful examination of the plaintiff's objection and its attachments reveals that the plaintiff failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

### III

In the third count, the plaintiff alleges that Fischer induced the plaintiff to deliver the limited release by falsely representing that he would not distribute the funds without consent and that, relying on that representation, he signed the limited release of the judgment lien. "The essential elements of a cause of action in [fraudulent misrepresentation] are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." (Internal quotation marks omitted.) *Citino* v. *Redevelopment Agency*, 51 Conn. App. 262, 275, 721 A.2d 1197 (1998).

"Allegations such as misrepresentation and fraud present issues of fact. . . . Moreover, [w]hether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact. . . . It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions . . . . Nevertheless, it remains incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) *Miller* v. *Bourgoin*, 28 Conn. App. 491, 497–98, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992).

Once again, the plaintiff did not present an adequate factual predicate to raise a genuine issue of material fact. Our careful examination of the plaintiff's objection and its attachments reveals that the plaintiff failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

## IV

In the fourth count, the plaintiff alleges that Fischer became a constructive trustee of the proceeds of the sale of the property at 7 Donna Lane for the plaintiff's benefit. "A constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. . . . A constructive trust arises whenever another's property has been wrongfully appropriated and converted into a different form . . . [or] when a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." (Citations omitted; internal quotation marks omitted.) *Spatola* v. *Spatola*, 4 Conn. App. 79, 81, 492 A.2d 518 (1985).

In this case, it was conceded that Fischer distributed the funds to Michael Mansi's heirs and did not retain those funds. Further, there is no allegation in the complaint that Fischer was unjustly enriched. We therefore agree with the trial court that a constructive trust was not established. Because no genuine issue of material fact exists, the court properly rendered summary judgment as a matter of law as to the fourth count.

## V

The plaintiff's final claim is that Fischer's special defense that he was not liable to the plaintiff because he made the payment to the heirs in good faith and pursuant to probate law raised an issue of material fact that was not properly decided on a motion for summary judgment. "[Good faith] is a subjective standard of hon-

esty of fact in the conduct or transaction concerned, taking into account the person's state of mind, actual knowledge and motives. . . . Whether good faith exists is a question of fact to be determined from all the circumstances." (Citation omitted.) *Kendzierski* v. *Goodson*, 21 Conn. App. 424, 430, 574 A.2d 249 (1990). As we stated in part II of this opinion, however, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of material fact, even with respect to motive, intent or good faith. *Reynolds* v. *Chrysler First Commercial Corp.*, supra, 40 Conn. App. 732.

The plaintiff did not present an adequate factual predicate to raise a genuine issue of material fact. Our careful examination of the plaintiff's objection and its attachments reveals that the plaintiff failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

The judgment is affirmed.

In this opinion the other judges concurred.