[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #138
The defendant motions this court for summary judgment on the plaintiffs claims of negligent misrepresentation and violation of Connecticut General Statutes § 31-71c and § 31-76k, for the reasons that no genuine issues of material fact exist as to these claims and the defendant is entitled to judgment as a matter of law. On April 21, 1998, the plaintiff filed a complaint alleging eleven claims against the defendant.[1] The court, Nadeau, J., granted the defendant's motion to strike four of those claims.[2] The plaintiff filed an amended complaint asserting the same eleven claims against the defendant. The court, Moran, J., granted the defendant's motion to strike nine of the plaintiffs eleven claims. On July 2, 2001, the plaintiff filed the third amended complaint asserting ten of the same eleven claims stated in the two previous complaints.[3] On October 22, 2001, the court, Sheedy, J. granted the defendant's motion to strike as to eight of the claims, including her claim for negligent misrepresentation.
On October 29, 2001, the plaintiff filed her fourth amended complaint asserting claims for negligent representation and violations of General Statutes §§ 31-71c and 31-76k. The defendant filed a motion to strike the negligent misrepresentation claim. On May 10, 2002, the court,Gallagher, J., denied the defendant's motion to strike, finding that the "plaintiff alleged sufficient facts to support the loss element. . . . Specifically, the plaintiff alleges that she relied on the defendant's misrepresentation when she quit her part-time job in order to make herself available for the position the defendant offered her." Thompsonv. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 98 0352686 (May 10, 2002, Gallagher, J.).
On August 30, 2002, the defendant filed the present motion for summary judgment, a memorandum and supporting documentary exhibits. On September 9, 2002, the plaintiff filed an objection to the defendant's motion, a memorandum and supporting documentary exhibits. The court heard argument on the matter at short calendar on September 16, 2002. CT Page 968
FACTS:
In or around the plaintiff, Arlie Thompson, began employment with the defendant, Bridgeport Hospital, at which time she was presented a manual of policy and procedure. (Plaintiff's Affidavit, ¶ 3) The manual contained provisions regarding discharge, termination, terminal pay, and vacation pay, final pay and clearance, reduction in force and recall, transfers and assignments during reductions in force, seniority, temporary release from duty and the provision of personnel records to the employee. (Plaintiff's Exhibit 1) In October, 1997, the defendant, orally informed the plaintiff that the department in which she worked was closing and that subsequent layoffs would follow. When the plaintiff asked the personnel department for specifics of the layoffs, an employee in the department told her there were no specifics. (Plaintiff's Affidavit, ¶ 6) In November, 1997, the plaintiffs supervisor informed her that her position as a pulmonary function technician assistant would terminate as of December 1, 1997. (Plaintiffs Exhibit 3) The plaintiff requested written notice of the layoff and layoff procedure but never received such notice from the defendant. (Plaintiffs Affidavit ¶ 10) The plaintiff claims that she did not receive severance pay, accrued vacation time or other benefits, which were due to her. On November 30, 1997, the plaintiff worked her last shift as a pulmonary function technician assistant.
The defendant notified the plaintiff in December, 1997, of possible alternative positions that were available and encouraged her to review alternative employment options within the hospital. (Plaintiffs Exhibit 3) The plaintiff interviewed for a business/clerical position in the psychiatry unit and was offered the job. (Plaintiffs Exhibit 3) The plaintiff accepted the job, and thereafter, the defendant measured her for a new uniform, scheduled her starting date, and issued her a security badge and password for the computer system. (Plaintiffs Affidavit, ¶ 14) The plaintiff quit her part-time morning employment positions because the jobs conflicted with the hours she was required to work in the business/clerical position. (Plaintiffs Affidavit, ¶ 15) The plaintiff was scheduled to begin employment in the business/clerical position on January 12, 1998. (Plaintiffs Exhibit 3) After accepting the job, the plaintiff was informed that the position required that she pass a sequence of tests. (Plaintiffs Affidavit, ¶ 17)
The plaintiff took the tests and passed three of four sections. (Plaintiffs Exhibit 4) The plaintiff re-took the section she failed and failed a second time. The defendant informed the plaintiff she was ineligible for the business/clerical position and terminated her. The CT Page 969 plaintiff requested copies of the test and results, but was denied both. (Plaintiffs Affidavit, ¶ 18) The plaintiff requested her personnel file and defendant's policies and procedures for employee termination, but the defendant failed to respond to the plaintiffs requests. After receiving no response from the defendant, the plaintiff commenced this action.
STANDARD
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Gaynor v. Payne,261 Conn. 585, 590, 804 A.2d 170 (2002).
"[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 556, 791 A.2d 489 (2002). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Morascini v. Commissioner of Public Safety, 236 Conn. 781,808-09, 236 A.2d 1340 (1996). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
DISCUSSION
In count one, the plaintiff alleges that the defendant made negligent misrepresentations in the employee manual, specifically, in the provisions pertaining to lay offs, termination and transfer, and that the defendant negligently misrepresented the requirements for the business/clerical position it offered to her. The defendant contends that it is entitled to summary judgment on this claim because the evidence CT Page 970 shows that the plaintiff cannot establish that there is a genuine issue of material fact as to any of the elements of this cause of action. The defendant further argues that because the plaintiff was employed at will, she could not expect the defendant to employ her for any duration of time.
The court first notes that "[t]he determination of whether a duty exists between individuals is a question of law. . . . Only if a duty is found to exist does the trier of fact go on to determine whether the defendant has violated that duty." (Citations omitted; internal quotation marks omitted.) Lodge v. Arett Sales Corp. , 246 Conn. 563, 571,717 A.2d 215 (1998). An employer owes a duty of care to its employees in communicating information to them regarding their employment. See Crainev. Trinity College, 259 Conn. 625, 660-61, 791 A.2d 518 (2002). Once the question of duty is resolved, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
As to a claim for negligent misrepresentation: "[a]llegations such as misrepresentation and fraud present issues of fact. . . . Moreover, [w]hether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact." (Internal quotation marks omitted.) Jaser v. Fischer, 65 Conn. App. 349, 358, 783 A.2d 28 (2001). According to our Supreme Court, "[t]he governing principles [for this cause of action] are set forth in similar terms in § 552 of the Restatement (Second) of Torts (1977): One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. " (Emphasis added; internal quotation marks omitted.) Craine v. Trinity College,
supra, 259 Conn. 660-61. Thus, in order to maintain a claim for negligent misrepresentation, the plaintiff must allege and establish the following elements: "1) a false representation was made to the party as a statement of fact, 2) it was made for the guidance of the party, 3) the party making the representation failed to exercise reasonable care in obtaining or communicating the information, and 4) the pleading party justifiably relied on the representation to its detriment." OCWEN Federal Bank v.Rivas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0368135 (February 21, 2002, Stevens, J.)
As to the first element, "falsity is an essential element of a negligent misrepresentation claim, and [the plaintiff] bears the burden CT Page 971 of demonstrating that the defendants made certain representations . . . that were in fact untrue. . . . [The plaintiff] need not prove that the representations made by the defendants were promissory, but only that they contained false information. " (Citations omitted.) Daley v. AetnaLife Casualty Co., 249 Conn. 766, 792-93, 734 A.2d 112 (1999). Furthermore, "[a] claim of negligent misrepresentation may be based on a defendant's failure to speak when he has a duty to do so." Four BeachesCondominium v. W.C. Brescia Plumbing Heating, Inc., Superior Court, judicial district of New Haven, Docket No. CV 960384124 (May 23, 1997, Licari, J.); De Pasquale v. Day. Berry Howard, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CV 92 0450218 (March 31, 1994, Berger, J.) (9 C.S.C.R. 550, 551).
In this case, the plaintiff testified that when the defendant offered her the business/clerical position, it failed to inform her the offer was contingent on her passing a test. (Defendant's Memorandum, Exhibit 2) Indeed, the defendant does not present any evidence that it provided her with this information. As the Supreme Court has noted, although an employer has discretion in determining the job requirements it imposes for employment, it can be held liable if it negligently misrepresents those requirements. Craine v. Trinity College, supra, 259 Conn. 661. Accordingly, this court determines that a genuine issue of material fact exists as to the first element.
As to the second element, a genuine issue of material fact exists as to whether at the time the defendant offered the plaintiff the business/clerical position, the defendant's offer was clear and it was made to guide the plaintiffs decision. The plaintiff testified that she believed that the only requirement for the business/clerical position was that she undergo training. (Defendant's Exhibit 2) Moreover, the defendant does not dispute the plaintiffs attestation that, at the time she accepted the offer, the defendant already determined her wage, gave her authorization to order a uniform, and scheduled her starting date. (Plaintiffs Affidavit, ¶ 14) An issue for the jury to determine is whether the defendant took these actions to guide the plaintiff. "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . ." (Internal quotation marks omitted.) Jaser v. Fischer,
supra, 65 Conn. App. 358. Accordingly, a genuine issue of material fact exists to the second element of the claim.
As to the third element, our Supreme Court has "consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances." Williams Ford, Inc. v. Hartford Courant Co.,
CT Page 972232 Conn. 559, 580, 657 A.2d 212 (1995). In this case, the issue of whether the defendant's failure to inform the plaintiff of the testing requirement at the time it made its offer was unreasonable is a material issue. Accordingly, the plaintiff satisfies the third element of the claim.
As to the fourth element, which pertains to both causation and damages, a dispute exists as to whether the plaintiff relied on the defendant's representations to her detriment. "Although the issue of causation generally is a question reserved for the trier of fact . . . the issue becomes one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment maybe granted based on a failure to establish causation. " (Internal quotation marks omitted.) Abrahams v. Young Rubicam, Inc., 240 Conn. 300, 307,692 A.2d 709 (1997). The plaintiff attested that she quit her part-time positions in reliance on the defendant's representation that she would begin her new position on January 12, 1998, because the part-time positions conflicted with the schedule of the new position. (Plaintiffs Affidavit, ¶ 15) The defendant argues that the evidence shows that the plaintiff did not rely on its representations because the plaintiff admitted that she would have accepted the position even if she had known that there was a testing requirement. (Defendant's Exhibit 2) The Supreme Court rejected a similar argument in Craine v. Trinity College, supra,259 Conn. 625. In that case, the defendant argued that the trial court improperly denied its motion for judgment not withstanding the verdict because the plaintiff failed to prove she relied on the representations made in the reappointment evaluations "because she said she "did all that she could' between her second reappointment and tenure review." Id., at 661. The court rejected the defendant's argument, stating that a jury could conclude that the plaintiff relied on defendant's "unclear statement of expectations and vague reference to her weaknesses, along with the assurance that she could continue along the lines" established. Id., at 661-62. The court further explained that a jury could reasonably conclude that had the defendant been more specific, the plaintiff might have had an opportunity to reallocate her time to address the defendant's concerns. Id., at 662.
Similarly, here, the plaintiff provides evidence that she acted in accordance with the defendant's representation by quitting her part-time positions, thereby raising a genuine issue of material fact as to whether the plaintiff would have refrained from doing so, had she been told of the testing requirement. Furthermore, this evidence is also sufficient to establish an issue of fact as to pecuniary loss. See Thompson v.Bridgeport Hospital, supra, Docket No. CV 98 352686. Accordingly, the court finds that genuine issues of material fact exist as to the fourth CT Page 973 element of the claim. For the above reasons the defendant's Motion for Summary Judgment as to count one is denied.
In count two, the plaintiff alleges that the defendant violated §31-71c by failing to pay her approximately $444 in wages due to her for the work she did in November, 1997, as a pulmonary function technician assistant at the time she was laid off. (Plaintiffs Affidavit, ¶ 11) The defendant argues that it is entitled to summary judgment on this count because the evidence shows that it paid the plaintiff all wages due to her on December 12, 1997, as required by subsection (c) of § 31-72c. (Defendant's Exhibit 6) The plaintiff responds that she was not paid within the time required by subsection (b) of the statute.
Section § 31-71c (c) provides: "[w]hen work of any employee is suspended as a result of a labor dispute, or when an employee for any reason is laid off, the employer shall pay in full to such employee the wages earned by him not later than the next regular pay day. . . ." Subsection (b) provides: "[w]henever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such discharge."
The defendant's payroll records indicate that the plaintiffs last day of work was November 30, 1997, and that the next regular pay date was December 12, 1997. (Defendant's Exhibit 6) The defendant provides an affidavit in which its employment relations specialist attests that on December 12, 1997, the plaintiff was paid $430.34 for her last week of work. (Defendant's Exhibit 1, ¶ 7) Accordingly, the evidence shows that the defendant did not violate the statute, if the plaintiff was laid off, as opposed to discharged. Both parties attest that the plaintiff was laid off. (Defendant's Exhibit 1, ¶ 5, Plaintiffs Affidavit, ¶¶ 10, 11) Thus, the evidence indicates that no genuine issue of material fact exists as to whether the defendant violated § 31-71c. The court grants the defendant's Motion for Summary Judgment as to count two.
In count three, the plaintiff alleges that the benefits due to her pursuant the employee manual accrued on December 1, 1997, when she was terminated from her position as a pulmonary function technician assistant, and that the defendant violated § 31-76k because it did not pay her for her unused vacation time until May, 1998. The plaintiff further asserts that the defendant delayed this payment in retaliation for her having retained an attorney. The defendant responds that it did pay the plaintiff for all the benefits to which she was entitled.
Section 31-76k provides: "If an employer policy . . . provides for the payment of accrued fringe benefits upon termination, including but not CT Page 974 limited to paid vacations, holidays, sick days and earned leave, and an employee is terminated without having received such accrued fringe benefits, such employee shall be compensated for such accrued fringe benefits exclusive of normal pension benefits in the form of wages inaccordance with such agreement or policy. . . ." (Emphasis added.) See also Santangelo v. Elite Beverage, Inc., 65 Conn. App. 618, 626,783 A.2d 500 (2001). "When any employer . . . fails to compensate an employee in accordance with section 31-76k . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. " General Statutes § 31-72. "This court has specifically acknowledged § 31-72 as a remedial statute for the collection of wages that provides penalties in order to deter employers from deferring wage payments once they have accrued.
We have recognized that a primary purpose [of § 31-72] was to penalize the employers." (Citations omitted; internal quotation marks omitted.) Butler v. Hartford Technical Institute, Inc., 243 Conn. 454,463, 704 A.2d 222 (1997).
According to the defendant's employee manual, upon termination, an employee is entitled to "pay for work performed through the last hour worked" and "pay in lieu of unused vacation allowance and legal holiday time." (Plaintiffs Exhibit 1) The manual also provides that "employees who terminate employment by resigning or discharge will receive their final paycheck on the next normal payday following their last day of duty." (Plaintiffs Exhibit 1) The plaintiff was terminated as of December 1, 1997, and the defendant issued her final paycheck on December 12, 1997. (Defendant's Exhibit 1, ¶ 7) The evidence indicates, however, that the defendant did not pay the plaintiff for her unused vacation time until May 1998, after she commenced this action. (Defendant's Exhibit 1, ¶ 8) Accordingly, a genuine issue of material fact exists as to whether the defendant violated § 31-76k and § 31-72 by deferring payment for the plaintiffs unused vacation time. The defendant's Motion for Summary Judgment as to count three is therefore denied.
CONCLUSION
The defendant's Motion for Summary judgment is denied as to counts one and three because genuine issues of material fact exist, and granted as to count two.
By The Court, CT Page 975 ___________________ Wolven, Judge