[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
On May 20, 2002, the plaintiff, JTL Services, Inc., filed a one-count complaint against the defendant, Wilder Balter Partners, Inc., sounding in breach of contract. The plaintiff is a New York corporation in the business of real estate development and management. The plaintiff alleges that the defendant breached the terms of a written agreement entered into between the parties on June 27, 2001. More specifically, the plaintiff alleges that the defendant breached the terms of the agreement by failing to pay the plaintiff a placement fee for the referral of a candidate, Victoria Morris, as a property accountant. Presently before the court is the defendant's motion for summary judgment.
The defendant moves for summary judgment on the ground that there are no genuine issues of material fact in dispute and it is entitled to judgment as a matter of law because, based on the plain language of the agreement, it did not breach the agreement. The defendant filed a memorandum of law in support of its motion for summary judgment, together with the signed and sworn affidavit of Kevin Bosworth, its chief financial officer, accompanied by three exhibits: (1) a copy of an advertisement for the position of property accountant as published in a local newspaper and as posted on the defendant's web site; (2) a copy of the signed agreement between the parties dated June 27, 2001; and (3) a copy of an undated demand letter from the plaintiff addressed to the defendant. The plaintiff filed a memorandum of law in opposition, supported by the signed and sworn affidavit of Jeff LeFevre, its vice president. On August 27, 2002, the defendant filed a reply brief. The defendant's motion for summary judgment came before the court on September 30, 2002.
The undisputed facts are as follows. In April 2001, a property accountant position became available with the defendant. (Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment: Bosworth CT Page 1492 Affidavit, Exhibit A, ¶ 3.) In June 2001, the plaintiff's agent, Bryant Madore, after seeing an advertisement for a property accountant position, contacted Bosworth to discuss the placement of possible candidates for the property accountant position with the defendant. (Bosworth Affidavit, Exhibit A, ¶ 4.) In June 2001, the parties entered into negotiations setting forth the fee to be paid by the defendant should it hire one of the plaintiff's candidates for the property accountant position. (Bosworth Affidavit, Exhibit A, ¶ 5; LeFevre Affidavit, ¶ 3.) The agreement submitted for signature by Bosworth contained the following sentence, in part: "here is the fee schedule that we talked about for all positions." (Bosworth Affidavit, Exhibit A, ¶ 6; Bosworth Affidavit, Exhibit A, Tab 2, Agreement.) Bosworth made handwritten changes to the agreement and deleted the words "all positions" to read "the Property Accountant position" from the prior sentence. (Bosworth Affidavit, ¶ 6; Bosworth Affidavit, Exhibit A, Tab 2, Agreement.) Thereafter, the plaintiff provided the defendant with the resume of Morris. (Bosworth Affidavit, Exhibit A, ¶ 8.) On July 12, 2001, Bosworth interviewed Morris for the position of property accountant. (Bosworth Affidavit, Exhibit A, ¶ 8; LeFevre Affidavit, ¶ 7.) On September 11, 2001, Bosworth interviewed Morris for the position of property accountant. (Bosworth Affidavit, Exhibit A, ¶ 11.) On September 12, 2001, Morris was offered employment with the defendant as a property accountant, which position she accepted. (Bosworth Affidavit, Exhibit A, ¶ 12; LeFevre Affidavit, ¶ 8.)
"Practice Book §[17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v.Payne, 261 Conn. 585, 590-91, 804 A.2d 170 (2002). "[T]he `genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 556, 791 A.2d 489
CT Page 1493 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,111, 639 A.2d 507 (1994). "The summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (Internal quotation marks omitted.) Jaser v. Fischer, 65 Conn. App. 349, 357,783 A.2d 28 (2001). "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250,618 A.2d 506 (1992).
The defendant argues that because there are no disputed material facts, it is entitled to judgment as a matter of law because based on the plain language of the agreement between the parties, the defendant has no obligations to the plaintiff beyond those contained in the agreement. The defendant further contends that the fee arrangement between the parties was on a contingency basis only, which contingency was premised on the successful placement of a candidate by the plaintiff in the property accountant position. The defendant claims that the relationship between the parties ended when, upon completion of the interview process in July 2001, the defendant hired another candidate for the then open property accountant position. The defendant argues that there was only one property accountant position available in June 2001 and that clearly was the position referred to in the agreement. The defendant further claims that it was not the intention of the parties to enter into a long-term arrangement and had that been their intent, the agreement would not have been limited to "the property accountant position." (Emphasis added.) (Defendant's Memorandum, p. 9.)
In response, the plaintiff argues that the defendant's motion for summary judgment should be denied because: (1) it is not clear whether the property accountant position called for in the agreement is the same position Morris was ultimately hired for by the defendant, and (2) the interpretation of the terms of the agreement present questions of fact. Specifically, the plaintiff argues that the termination date of the agreement is not addressed directly in the agreement presenting an issue of fact to be decided by the trier of fact. CT Page 1494
"[A] contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) OCI Mortgage Corp. v.Marchese, 255 Conn. 448, 466, 774 A.2d 940 (2001). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Tallmadge Bros., Inc. v. Iroquois Gas Transmission System,L.P., 252 Conn. 479, 495, 746 A.2d 1277 (2000). "Contract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion . . ." (Internal quotation marks omitted.) Levine v. Advest, Inc., 244 Conn. 732,746, 714 A.2d 649 (1998). "[A] court will not torture words to import ambiguity, where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted.) BuellIndustries, Inc. v. Greater New York Mutual Ins. Co., supra, 259 Conn. 545. "When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract . . ." (Internal quotation marks omitted.) Christian v. Gouldin, 72 Conn. App. 14, 20,804 A.2d 865 (2002).
"In contrast, a contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself . . . [A]ny ambiguity in a contract must emanate from the language used by the parties . . . The contract must be viewed in its entirety, with each provision read in light of the other provisions . . . and every provision must be given effect if it is possible to do so . . . If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous." (Citations omitted; internal quotation marks omitted.) United Illuminating Co. v. Wisvest-Connecticut, LLC,959 Conn. 665, 670-71, 791 A.2d 546 (2002).
In the present action, the parties' agreement provides, in relevant part: "As agreed, here is the fee schedule that we talked about for the Property Accountant position." (Bosworth Affidavit, Exhibit A, Tab 2, Agreement.) Additionally, the payment of the fee was premised on a contingency basis only, to wit: the successful placement by the plaintiff of a candidate in the property accountant position. Notwithstanding the above terms, the agreement itself lacks explicit language to CT Page 1495 differentiate between the June 2001 property accountant position allegedly filled by another candidate and the September 2001 property accountant position, which Morris was ultimately hired for and accepted.
The defendant's reliance on the use of the word "the" in the agreement establishes that the parties' intent is in question and that their agreement is subject to more than one reasonable interpretation. Thus, the parties' agreement is ambiguous because the intent of the parties is not clear and certain based on the language of the agreement itself. It cannot be inferred from the language used by the parties whether the property accountant position called for in the agreement is the same position that Morris interviewed for and was ultimately hired for by the defendant. Bosworth admits that the plaintiff provided him with Morris' resume and that she was hired by him as a property accountant within sixty-two days of her initial interview. Moreover, there is no termination date contained in the agreement, only a contingency clause. Consequently, whether the hiring of another candidate in July 2001 satisfied the contingency clause and subsequently terminated the parties' agreement presents a question of fact. Hence, the defendant has failed to meet its burden of establishing that there are no genuine issues of material fact in dispute.
For the foregoing reasons, summary judgment is inappropriate in the present action and the defendant's motion for summary judgment is denied.
BY THE COURT
Kocay, J. CT Page 1496