[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action by a contractor (plaintiff) against apparent agents for a homeowner (defendants) for payment for work done to the home in question.
The parties had completed two previous contracts on the same home to their mutual satisfaction. On November 22, 2000 they entered into a third contract. This contract was for the construction of a deck/porch and was in the amount of $14,261.00.
The plaintiff claims in his complaint, there is due and owing the amount of $7,481.22 on said contract. Plaintiff also alleges that he completed the job. The defendants do not contest that claim in their pleadings. There is some dispute on this issue in the defendant's Trial Memorandum prepared by their lawyer. Whether the job was truly completed in an untimely manner, that time was of the essence or that the plaintiff left the job uncompleted, all as alleged by the defendants only in their memorandum, will never be determined as a result of their preemptive action here.
The defendants claim in their pleadings the special defense that the plaintiff is barred from recovery because the contract violated the Home Improvement Act, General Statutes Section 20-429 et seq. Accordingly, they have filed this motion for summary judgment attaching a copy of the offending contract.
There is no doubt that the contract did violate Section 20-249 (a) (7) which invalidates contracts which do not contain "a starting date and completion date."
The plaintiff counters in his memorandum that a completion date was impossible under the circumstances at the time. Two variables existed, one the plaintiff's other work obligations and the second, the CT Page 3132 defendants' direct contract of other related subcontractor work.
It is interesting to note that the second contract between the parties apparently also lacked a starting and completion date because of the same variables, but was completed satisfactorily and paid for by the now complaining defendants.
The plaintiff attempts to overcome the clear mandate of the act by urging that the court invoke the bad faith exception to the act. Based upon the allegations in his memorandum the court is tempted to do so. The plaintiff recites therein that after the work was completed in a professional and workmanlike fashion that "the defendants stalled and asked for more time to pay the bills." The plaintiff waited two months and asked for payment again. The plaintiff, again in the memorandum prepared by his attorney, claims that the defendants "changed their tune" and said "we talked to a lawyer" and he said "your contract isn't any good." The defendants then declined to pay the balance owed.
If this particular job was completed, or substantially completed, it would be an unconscionable technical use of the law by the defendants. Outside the law it might even be viewed as ethically reprehensible.
Nevertheless, based upon what has been presented to this court, or even more importantly, what has not been presented to this court, the court feels it is legally obligated to sustain what may well be an unconscionable result.
This court has not been presented with sufficient evidence to establish the existence of a bad faith exception to the act. Other than mere assertions in a memorandum.
A conclusory assertion . . . does not constitute evidence sufficient to establish the existence of a disputed material fact for purposes of a motion for summary judgment.
Hoskins v. Titan Value Equities Group, 252 Conn. 789, 793-94,749 A.2d 1144 (2000).
Our Supreme Court has held that even with respect to good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of material fact.
(Emphasis added.) Jaser v. Fischer, 65 Conn. App. 349, 357, 783 A.2d 28
(2001). CT Page 3133
The existence of the genuine issue of material fact must bedemonstrated by counter-affidavits and concrete evidence.
(Emphasis added.) Pion v. Southern New England Telephone,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
Even with a proper factual predicate the plaintiff would seem to have a difficult battle in this case if the following language is the state of the law.
"Bad faith" is defined in the Home Improvement Act as involving:
. . . a neglect or refusal to fulfill some duty or some contractualobligation, not prompted by an honest mistake as to one's rights orduties, but by some interested or sinister motive . . . In other words, [b]ad faith means more than mere negligence; it involves a dishonest purpose.
(Emphasis added; internal quotation marks omitted.) Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 248, 618 A.2d 506 (1992).
If the plaintiff's observations are true the defendants' actions smack of that dishonesty. Reluctantly, the court grants the motion for summary judgment.
 By the court, Gill, J.
CT Page 3134